# West v. Thomas.

*Action by Guest against Inn Keeper for Damages caused by Falling Down Unguarded Stairway.*

1. *Sufficiency of complaint.*—In an action by the guest against an inn keeper for damages caused by a fall down a stairway on the premises, averments in the complaint that the stairway landing extended half way across a hallway of the hotel, used by its guests, that the hallway was unlighted and not guarded in any way, are sufficient to show negligence on the part of the defendant in the construction and maintenance of the stairway opening into the hall.

2. *Contributory negligence.*—It can not be affirmed as a matter of law that it was negligence on the part of the guest to undertake to return from the room of a friend on the same floor through a dark hallway without calling for a light or assistance, but the question is one of fact for the jury.

3. *Burden of proof of contributory negligence.*—The burden of proof of plaintiff's contributory negligence is on the defendant.

4. *Misleading charge.*—An instruction that defendant was not guilty of negligence for failing to notify plaintiff that there were stairways leading from the lower floor to the hallway in the second story is properly refused as misleading.

5. *Same.*—An instruction that it was not the duty of defendant to barricade the stairway, down which plaintiff fell, by putting a chain or other like obstruction across its entrance is properly refused, since the duty of the defendant in that regard is a question for the jury.

6 *What witness testified is a question for the jury.*—An instruction as to what a certain witness failed to testify on the trial is properly refused.

APPEAL from Montgomery Circuit Court.

Tried before Hon. JOHN P. HUBBARD.

The facts appear from the opinion. The defendant requested the following charges which were refused:

1. "That the witness, McGrath, did not testify before the jury that it was not usual and customary to have in hotels such stairways as the one down which plaintiffs claims to have fallen." (2.) "If the jury believe from the evidence that it is usual and customary, in buildings of two or more stories, to have stairways leading from the lower to the upper stories or floors, which open into the hallways, and

if they further believe that the stairway down which it is alleged that plaintiff fell was such a stairway as it is usual and customary to have in such buildings, and that the plaintiff undertook to walk along the hallway from room 31 to room 14, or the room which had been assigned to him, and that the hallway was so dark as to render it impossible for one walking along the same, to see the stairway that might open into the same, and if they further believe that the plaintiff undertook to go along such hallway to room 31 to room occupied by him, while it was in this darkened condition, and made no effort to obtain any one to guide him along the same, then he was guilty of such contributory negligence as would prevent him from recovering in this action." (3.) "If the jury believe from the evidence that he, plaintiff, went to the hotel of the defendant on the night of the 5th day of July, 1889; that he was assigned to room 14 on the second story of said building, that about the hour of 11 o'clock at night, he left the said room, and went along a hallway running in a southerly direction to room 31, which was about 136 feet from room 14, to visit a friend who occupied room 31; and, if they further believe that after spending some time in the room occupied by his friend, the plaintiff left the same, and walking along said hallway towards room 14, and that at the time he entered said hallway it was so dark that he was unable to see any stairway that might open into the same, and that plaintiff made no effort to obtain a guide to direct him along the same; and if they further believe that the plaintiff, while walking along said hallway, walked into and fell down said stairway, whereby he received his injuries—then he, the plaintiff, was guilty of such contributory negligence as would disentitle him from recovering a verdict in this action." (4.) "If the jury believe from the evidence that the plaintiff undertook to walk along the hallway, so darkened as to render him unable to see the stairway or stairway opening, and if they further believe that the plaintiff was unacquainted with such stairway and made no effort to obtain from those in control of the hotel, or, others, a guide, or to obtain a light, to conduct him along the same, then the plaintiff is not entitled to recover in this action." (5.) "If the jury believe from the evidence that the plaintiff was a guest in the hotel of the defendant on the night of the 5th day of July, 1889; that after going to his room, he, at his request was escorted along the hallway about 136 feet to room 31, to visit a friend who occupied said latter room; that about the time he entered said room, he saw the servant or employee of the defendant about to

turn down or turn out the light in the hallway near the latter room, and remarked to said servant or employee not to turn down such light, as he was going to leave the said room in a short while; and if they further believe that the plaintiff made this remark because he feared it would be dangerous for him to undertake to return to his room along said hallway, and that he afterwards came out of said room 31, and found that said light had been turned out, and then undertook to go along said darkened hallway,—then the plaintiff would be guilty of contributory negligence in undertaking to go back along said hallway, and could not recover in this action." (6.) "If the jury believe the evidence in this case, then the plaintiff is not entitled to recover on the first count of the complaint." (7.) "If the jury believe the evidence in this case, the plaintiff is not entitled to recover on the second count of the complaint." (8.) "It is not the duty of the defendant to notify the plaintiff that there were stairways leading from the hallway in the second story, and his failure to do so, would not be such negligence as would make him liable to plaintiff in this action." (9.) "The burden of proof in this case is not upon the defendant to show that the plaintiff was guilty of contributory negligence." (10.) "If the jury believe from the evidence that the hallway along which plaintiff undertook to walk, in going from room 31 to room 14, was in the second story of the hotel, and that plaintiff knew that it was in that story, and if they futher believe that plaintiff undertook to go along such hallway when it was so dark as to prevent his seeing a stairway which might lead into the same, from the lower story, and that his injuries were the result of this action on the part of the plaintiff, then he can not recover in this action." (11.) "It was not the duty of defendant to barricade the stairway down which the plaintiff fell, by putting a chain or other like obstruction across the entrance of the same." (12.) "If the evidence in this case leaves the minds of the jury in a state of doubt or uncertainty as to whether the accident complained of, was caused by the negligence of defendant, then they must find a verdict for the defendant."

ARRINGTON & GRAHAM, J. M. FALKNER, and TOMPKINS & TROY, for appellant. No brief came to hands of Reporter.

A. A. WILEY & JOHN W. A. SANFORD, JR., for appellee.

Appellee cited on the subject of the duty of landlord— *Hancock v. Rand*, 94 N. Y. 1, s. c, 46 Am. Rep. 112; *Morms* Vol. 97.

*v. Fethers*, 19 Am. Rep. 244; 11 Atl. Rep. Ca. 779; *Camp v. Wood*, 32 Am. Rep. 283; Wood on Nuisance, p. 148; Cooley on Torts, 604; *Campbell v. Boyd*, 43 Am. Rep. 742; *Tobin v. R. R.* 59 Me. 188; *M. & E. R. R. v. Thompson*, 77 Ala. 456. As to contributory negligence.—*O'Brien v. Tatum*, 84 Ala. 190; *Holt v. Whatly*, 51 Me. 569; *Smoot v. Wetumpka*, 24 Ala, 112; *Mobile R. R. Co. v. Crenshaw*, 65 Ala. 566; *Hough v. R. R. Co.*, 100 U. S. 213; 93 U. S. 291.

HEAD, J.—The demurrers to the complaint were properly overruled. The averments show, with sufficient certainty, negligence on the part of the defendant, as proprietor and keeper of the hotel, in the construction and maintenance of the stair-case opening into the hall of the hotel, along which plaintiff and other guests had a right to pass, and in the failure to have the hall, on the night of plaintiff's injury, sufficiently lighted to enable him to see, and guard against falling into the dangerous opening; and that by reason of such negligence, plaintiff, who was a guest of the hotel, while lawfully walking along the hall, going to his room, fell into the open stair-way and was injured, without fault on his part. There can be no doubt that it is a duty of the keeper of a hotel to his guests to have and maintain his premises in a condition of reasonable safety to the guests.—16 Am. & Eng. Encyc. of Law, 414, notes; *M. & E. R. R. Co. v. Thompson*, 77 Ala. 448; *A. G. S. R. R. Co. v. Arnold*, 80 Ala. 600; s. c. 84 Ala. 159, and other cases cited in brief of appellee's counsel. That duty, and its breach, are clearly set forth in the present complaint.

Charge 1, requested by defendant was properly refused. It is an argument merely, asserting no proposition of law upon which it was the duty of the court to instruct the jury.

Under the evidence in this case, the question of contributory negligence was clearly one for the jury. We can not affirm as matter of law, that it was negligence in plaintiff to undertake to return, through the darkened hallway, to his room from the room of his friend, another guest of the hotel. It was for the jury to determine from all the circumstances, whether he was justified in making the effort, without calling for a light or assistance.—*A. G. S. R. R. Co. v. Arnold*, 84 Ala. 159, 6th head note. In the case cited, the evidence disclosed that Arnold was well acquainted with the steps over which he had to pass, in passing out of the ticket office to the train; that there were servants of the railroad company in the office, upon whom he could have called for assistance, and one or more lights he could have applied for, yet

40–97

[Leib v. Shelby Iron Co. et al.]

he undertook to pass out over the steps in the dark, without calling for aid or light, and in the effort, missed the steps and fell. This court held that the question of contributory negligence on his part, was for the jury. Charges 2, 3, 4, 5, and 10 were therefore properly refused.

Charge 8 was properly refused. It was for the jury to determine what notice defendant should have given plaintiff of the dangerous opening. The charge as framed was calculated to mislead the jury.

The burden of proof was on the defendant to satisfy the jury that plaintiff was guilty of contributory negligence, and charge 9 was properly refused.

Whether it was the duty of the defendant to barricade the stair-way down which the plaintiff fell, by putting a chain or other like obstruction across the entrance of the same, was a question for the jury to determine under all the evidence. Charge 11 was therefore properly refused. Charge 12 has been several times pronounced bad by this court. The plaintiff's evidence tended to prove the material allegations of both counts of the complaint, and the general affirmative charges requested by defendant were consequently properly refused.

There are many exceptions, in the record, reserved by defendant which we do not consider, for the reason that they are not assigned as errors. The judgment of the Circuit Court is affirmed.

Affirmed.