# Swift & Company v. George A. Rennard, by next friend.

1. UNLAWFUL EMPLOYMENT—*what does not bar minor's right to recover for personal injuries sustained while assigned to.* The fact that the minor in question may have concealed his age, does not necessarily bar him of the right to recover for personal injuries suffered while assigned to an unlawful employment, but such fact is a circumstance which may be considered by the jury in weighing the testimony of such minor.

2. STEAM MACHINERY—*what not, within meaning of section 11 of Child Labor Act.* A meat hasher held not "steam machinery" within section 11 of Child Labor Act.

3. INSTRUCTIONS—*must be predicated upon evidence.* Instructions given to the jury must be predicated upon evidence in the cause.

4. INSTRUCTIONS—*when should define phrases.* A phrase, such as "proximate cause," though having a well understood meaning to the profession, should, when contained in an instruction to a jury, be defined so that it may be understood by them.

5. ARGUMENT OF COUNSEL—*what improper.* Argument of counsel containing the following language, held prejudicial: "The difference between the plaintiff and the defendant was that the plaintiff had a soul and was responsible before Heaven for the truth of what he said, while the defendant was a corporation without a soul to answer hereafter," etc.

6. ARGUMENT OF COUNSEL—*what does not cure improper.* A mild rebuke does not remove the effect of improper argument of counsel.

Action in case. Appeal from the City Court of East St. Louis; the Hon. W. J. N. MOYERS, Judge, presiding. Heard in this court at the February term, 1906. Reversed and remanded. Opinion filed September 14, 1906.

A. & J. F. LEE and C. E. POPE, for appellant.

GEORGE A. CROW and WEBB & WEBB, for appellee.

MR. PRESIDING JUSTICE MYERS delivered the opinion of the court.

This is an action in case brought by appellee, a minor, against appellant, a corporation, to recover for personal injuries received by him while in the employ of appellant in alleged violation of section 11 of the Child Labor Act, approved May, 1903. The suit was brought to the December term, 1903, of the City Court. It was tried resulting in a verdict and judgment for appellee for $7,000, from which an appeal was taken to this court and the judgment was reversed (119 App. 173). The cause was remanded and again tried upon an amended declaration consisting of two counts, in substance as follows:

The first count alleges that the defendant on the tenth day of October, 1903, operated a manufacturing establishment and was engaged in the butchering and meat packing business and unlawfully employed appellee, who was then under the age of sixteen years, and put him to operating steam machinery, to wit, a meat grinder; and that while appellee was operating said machinery his right arm came in contact with certain parts thereof and was so injured as to require amputation.

The second count alleges the unlawful employment of appellee who was under the age of sixteen years and that appellant put him to work "that may be considered dangerous to his life or limbs," to wit, operating a grinder, and that while operating said machinery he received the injuries complained of. In each count it is alleged that the unlawful employment caused the injuries received, and the damages are laid at $15,000. The jury found for appellee and assessed his damages at $15,000. The court denied appellant's motion for a new trial, required a *remittitur* of $3,000 and then entered judgment on the verdict, from which an appeal was prayed, allowed and perfected to this court. In brief we restate the facts substantially as on former hearing. At the time of the injury, appellant, a corporation, was engaged in operating a slaughter house and packing plant, and among other appliances had in use a machine known as a meat hasher or liver hasher, constructed with a revolving cylinder provided with knives so arranged as to cut, grind and force the meat through the machine to the floor or receptacle beneath. Appellee was employed in an adjoining department in the work of removing sinews from the feet of slaughtered cattle. The drinking water for the use of employees working in appellee's department was kept in a keg near the door opening to the department where the meat hasher was operated. Appellee testifies that he went to get a drink of water and looking through, or from the door, observed that the ground meat or liver coming from the machine was running over the sides of the truck to the floor and that he called the foreman's attention to it; that the regular operator there then moved the loaded truck to the drying coils in another part of the room, and that the foreman ordered him, the appellee, to feed or run the machine until the operator returned; that in obedience to this order he commenced to feed the machine and threw a piece of liver into the hopper which, being too large and not readily taken by the revolving knives, he

pressed it down with his hand which was caught and drawn into the machine, causing the loss of his hand and arm.

The right of appellee to maintain an action in this case depends upon the credit to be given to his unsupported, uncorroborated testimony that O'Neil, the foreman, ordered him to operate the meat hasher during the temporary absence of Cuchinsky, the regular operator. Appellee is contradicted by the positive testimony of O'Neil and Lynch and by his own testimony given at a former trial. The evidence tends to prove that he secured employment of appellant by false representations or the wrongful concealment of the facts as to his age, and while this may not bar his right to recover, yet it is a circumstance duly to be considered in weighing his testimony as a witness. The most that may be said of this record is that there was a sharp conflict of evidence upon the vital question whether or not an order was given, and any substantial error in the proceedings by which the verdict was obtained will be held as prejudicial and require a reversal of the judgment. Upon three propositions argued this court is committed adversely to the contention of appellant. In this case on former appeal we held that if the foreman ordered appellee to operate the meat hasher and that he was injured while acting in obedience to such order, this would be an employment within the meaning of the statute to operate that machine, notwithstanding his regular employment and rightful place pursuant thereof was in another department. We held furthermore, that the meat hasher, the machine in controversy, was within the intent and purpose of the legislature in prohibiting the service of children under sixteen years of age in "other employment that may be considered dangerous to their lives or limbs." In American Car and Foundry Company v. Armentraut, 116 App. 121 (affirmed 214 Ill. 509), this court decided that the employer of children is bound to know that they are not within the age pro-

hibited by law and that it is no defense that the employment was induced by false statements of the child employed.

Complaint is made of the ruling of the trial court in the admission and exclusion of evidence, in the giving and refusal of instructions, of improper remarks by counsel in argument before the jury, and of excessive damages allowed by the jury. The first count of the declaration charges that appellant unlawfully employed appellee to operate "steam machinery." There is no evidence to support this count. The meat hasher was not "steam machinery" within the meaning of section 11 of the Child Labor Act. Appellee's second given instruction was as follows: "The court instructs the jury that it is unlawful to employ any child under the age of sixteen years and put him at operating steam machinery; and if you believe from greater weight of the evidence, that the defendant employed George A. Rennard and on the 10th day of October, A. D. 1903, directed him to operate steam machinery, and that he was under the age of sixteen years at the time and that while he was so engaged he was injured as charged in the first count of the declaration, then you may find the defendant guilty under the first count to the plaintiff's declaration." This instruction was erroneous and under the facts and issues of this case was highly prejudicial to the rights of appellant. The jury were told that it was unlawful to employ appellee to operate "steam machinery," a statement not applicable to the facts. This is not all nor the worst part of the instruction. The jury are directed to find for the plaintiff if they believe from the evidence that he was injured "as charged in the first count of the declaration." His injury "as charged" is the loss of his hand and arm, and the cause of his injury, "as charged," was in the operating of "steam machinery." We think this is as the ordinary jury would read and understand the count, notwithstanding the further allegation that the "unlawful

employment was the proximate cause of the injuries." The technical expression "proximate cause" is sufficient and quite understood by the profession when used in pleading, but such expressions, unless defined and explained, when embodied in the instruction or referred to in the pleading, are not calculated to enlighten the jury as to the law and oftimes are misleading. The peremptory instruction to disregard the first count which was asked by appellant at the closing of the evidence should have been given. Its refusal adds emphasis to the error committed in giving appellee's second instruction. The first and third of appellee's given instructions are erroneous, because they submit to the jury the question whether the work required of appellee "might be considered dangerous to life and limbs," whereas the true issue was, whether or not the work was in fact dangerous. Liability is not incurred by employing a child under sixteen years of age for work that *might* be considered dangerous, if in fact the work is not dangerous. We do not regard the error in this instruction as very material were the record otherwise free from error. In the closing argument to the jury appellee's counsel used this language: "The difference between the plaintiff and the defendant was that the plaintiff had a soul and was responsible before Heaven for the truth of what he said, while the defendant was a corporation without a soul to answer hereafter. Don't you know that if O'Neil came here and told the truth he would not have any more of a job than a rabbit in fifteen minutes!" This language was highly improper, used intentionally for an improper purpose, and we are sure that the counsel guilty of the impropriety expected and intended to excite the passions and prejudices of the jury to his advantage, and may not now complain, nor may his client, that we credit the verdict and excessive damages to his improper and effective appeal in the closing argument. The mild ruling of the court without a severe rebuke was not calculated to allay the prejudice

of the jury and in our opinion did not. Merely to say there is no evidence that the witness O'Neil would lose his job if he told the truth would scarcely impress the jury of the harmful effect of the remarks or that the court so regarded them. No issue as to the condition of the machine was made by the pleading, and the evidence of appellee upon that subject should have been excluded. His testimony that "you have to hold the liver down into the machine (presumably with the hand as he did) until the hasher gets hold of it and eats it up," after objection made, on statement of counsel for appellee that "we are just showing the condition of the machine," certainly must have been understood as proof that the machine was defective. To obviate the harmful effect of this evidence, appellant offered instruction number 13, which was erroneously refused.

For the errors indicated the judgment of the City Court will be reversed, and the cause remanded.

*Reversed and remanded.*