SEAY *et al.* v. PLUNKETT.

No. 3888. Opinion Filed December 1, 1914.

Rehearing Denied January 9, 1915.

Motion for Second Rehearing Denied March 2, 1915.

(145 Pac. 496.)

1. **TRIAL—Instructions—Repetition.** A judgment will not be reversed because of the refusal of the trial court to give an instruction although such instruction may fairly state the law, if the law applicable to the issues in the case is fairly stated in the court's charge.

2. **INNKEEPERS—Guests—Personal Injuries—Care Required.** A hotel or innkeeper, from the very nature of his business, extends an implied invitation to all persons to become guests at his hotel, and thereby becomes liable for injuries sustained by reason of the unsafe conditions of the hotel, and the law imposes upon him a degree of care and diligence for the

safety of his guests reasonably commensurate with the circumstances and conditions

3.  **SAME—Instructions.** It being stipulated that one of the defendants was the manager of the hotel, the court instructed the jury that such manager was responsible under the law for the condition of the hotel at the time of the accident, regardless of who may have owned the hotel or of who may have constructed it. **Held,** this was not error.

4.  **TRIAL—Instructions—Duty to Request.** A judgment will not be reversed for failure of the trial court to instruct upon any particular phase or issue, unless request is made at the trial for such instruction.

5.  **APPEAL AND ERROR — Harmless Error — Instructions — Pleadings.** Where the court in other paragraphs of the charge has defined to the jury what the issues are between the litigants, a judgment will not be reversed merely upon the grounds that the court set out the pleadings in full in his instructions to the jury, unless it is made to appear that the the rights of the parties were prejudiced thereby.

6.  **TRIAL——Province of Court and Jury—Evidence.** Where the court has separately and properly defined each of the elements of damage for which plaintiff might recover, provided the jury finds from the evidence that the plaintiff has sustained any such damage, and concludes with the words, "Provided such damages do not exceed in the aggregate the sum sued for," such language is not equivalent to saying such sum was reasonable damages in the premises, and the use of such language does not constitute reversible error.

7.  **INNKEEPERS—Injury to Guest—Negligence—Sufficiency of Evidence.** The evidence examined, and found to be sufficient to sustain the verdict and judgment.

(Syllabus by Harrison, C.)

*Error from District Court, Kingfisher County;*

*James B. Cullison, Judge.*

Action by Matthew Plunkett against A. J. Seay and another. Judgment for plaintiff, and defendants bring error. Affirmed.

*P. S. Nagle* and *Marshal W. Hinch,* for plaintiffs in error.

*George L. Bowman* and *Robberts & Curran,* for defendant in error.

Opinion by HARRISON, C.   This action was begun by Matthew Plunkett against A. J. Seay and Mrs. M. C. Baker for damages resulting from personal injuries sustained from falling through the areaway from the third floor to the second floor of a hotel owned by defendant Seay and operated by defendant Mrs. Baker.   Plunkett, the plaintiff below, was a guest at said hotel, who, with some other guests, had arrived at the hotel late in the night.   There was no one up about the hotel at the time except the night clerk.   The other guests who arrived with him were shown to a room, after which the clerk, being informed that plaintiff wanted to retire, started to the third floor and directed the plaintiff to follow him.   In following the clerk through the hallway toward the room assigned to him, the plaintiff stumbled over the banisters surrounding the areaway, or air shaft, and fell through on to the floor below, sustaining injuries for which he brought suit for $20,278.76. Plaintiff alleged that in following the clerk to the room assigned to him the clerk traveled much faster than he did, and that by the time he reached the hallway on the third floor the clerk had disappeared down the hallway, thereby leaving him alone in the dark hallway; that in attempting to follow the clerk he stumbled over the banisters and fell through the areaway or air shaft on to the second floor.   He charged that the hallway was dark, that the clerk had disregarded his safety and left him in the hall, and that the banisters around the areaway were so low that when he stumbled against them in the darkness he fell through, and that because of the negligence of the clerk in leaving him, a total stranger to the hotel, in the dark hallway, and the negligence of defendants in failing to keep such hallway sufficiently lighted for the safety of guests passing up and down same, and the negligence of defendants in failing to construct and maintain banisters around such areaway of sufficient height to prevent guests from falling over same, he received his injuries.

The defendants answered, denying the negligence alleged by plaintiff, and alleged that plaintiff's injuries were caused by his carelessness and contributory negligence in attempting to go

down the hallway alone; and further answered that the plaintiff had arrived at the hotel in a tired, worn-out, and sleepy condition, having been aboard the train for the two nights previous, that he failed to apprise the defendants of his condition, and that his injuries were caused by his own carelessness in approaching the railing around the areaway in the condition he was then in; and further alleged that, if plaintiff was suffering from any injuries, they were caused by being thrown from a buggy during a runaway which happened subsequently to his falling at the hotel. The trial resulted in a verdict and judgment in favor of plaintiff for the sum of $8,000; in fact, there has been two trials of this case, each resulting in a verdict for the plaintiff for about $8,000. From the last verdict and judgment and order overruling motion for new trial, the defendants appealed upon nine separate specifications of error. Of these assignments of error, the second and third relate to the giving and rejection of certain instructions, the fourth, fifth, and sixth relate to the sufficiency of the evidence, and the seventh, eighth, and ninth relate to the admission and rejection of evidence. The first relates to the overruling of the motion for new trial. We shall review these groups in the order named.

As to the instructions submitted by defendants below and refused by the court, instruction A was properly refused, for the reason that it does not state the law of this state. In such instruction the defendants sought to instruct the jury that if Plunkett found the hallway to be dark when he reached the third floor, and found that the clerk had passed out of sight, it was his duty to call the clerk and to refuse to proceed further down the unlighted hallway, and that his failure to do this constituted such negligence on his part as to prevent a recovery. This instruction is not only against the weight of authority (see *West v. Thomas,* 97 Ala. 622, 11 South. 769; *Railroad Co. v. Arnold,* 84 Ala. 159, 4 South. 359, 5 Am. St. Rep. 354), but is against the plain provisions of section 6, art. 23, of our Constitution, which makes the defense of contributory negligence a question of fact for the jury. Besides, under the law, the

plaintiff had a right to presume that defendants had provided reasonably safe corridors and passageways to the rooms and to presume that if there were any dangerous air shafts or pitfalls in such corridors or passageways that they would be properly lighted or safeguarded. See *West v. Thomas,* 97 Ala. 622, 11 South. 769; *Railroad v. Arnold,* 84 Ala. 159, 4 South. 359, 5 Am. St. Rep. 354.

Instructions B, C, D, and J were properly refused, for the reason that they do not state the law. There was no error in refusing to give instructions I, O, and S, for the reason that the law offered in these instructions was given in the court's charge.

Complaint is also made that the court erred in giving instructions numbered 4, 5, 6, 7, 11, and 16. In instruction No. 4 the court told the jury that a hotel or innkeeper "extends an implied invitation to all to come upon his premises, and he is therefore liable for injuries sustained in consequence of the bad condition of such premises." The giving of this instruction was not error. See 16 Am. & Eng. (2d Ed.) 547, and authorities in note 3; also *Railroad Co. v. Arnold,* 84 Ala. 159, 4 South. 359, 5 Am. St. Rep. 354; *Patrick v. Springs,* 154 N. C. 270, 70 S. E. 395, Ann. Cas. 1912A, 1209; *Clancy v. Barker,* 71 Neb. 83, 98 N. W. 440, 69 L. R. A. 642, 115 Am. St. Rep. 559, 8 Ann. Cas. 682; *West v. Thomas,* 97 Ala. 622, 11 South. 769; *Trulock v. Willey,* 187 Fed. 957, 112 C. C. A. 1. Besides, a hotel or innkeeper, in the very nature of his business, extends an implied invitation to all persons to become guests of his hotel, and thereby becomes liable for injuries sustained by reason of the unsafe conditions of the hotel or premises, and the law imposes upon him a degree of care and diligence for the safety of his guests reasonably commensurate with the circumstances and conditions.

In paragraph 5 of the court's charge he told the jury that it is the duty of a hotel keeper to see that his hotel and premises are in a reasonably safe condition for the accommodation of guests, and, it being admitted that defendant A. J. Seay was

the keeper of the hotel at the time, he was therefore responsible
for the condition thereof, and it made no difference who was
the owner of the building at the time nor by whom it was con-
structed.  Complaint is made of this instruction because of
prejudicial emphasis placed on the liability of A. J. Seay, the
keeper.  We are unable to see the error contended for by plain-
tiffs in error.  The manager, A. J. Seay, was responsible under
the law for the condition of the hotel at the time of this acci-
dent, regardless of who may have owned the hotel or of who
may have constructed it.

Paragraph 6 of the court's charge is as follows:

"A hotel keeper for hire is not an insurer of the safety of
his guests, but must use reasonable care and diligence for their
safety, and must provide everything necessary for that purpose,
including reasonably safe barriers around air shafts or areaways,
and sufficient lights for the guests to see and observe any dan-
gerous places, and must exercise to that end a reasonable de-
gree of skill.  It is for you to say under the evidence whether
or not the balustrade maintained around the areaway referred
to was reasonably sufficient to protect the same and to keep
guests from falling through the areaway under the conditions
which you may find existed there, and also it is for you to find
from the evidence whether or not the hallway containing
the opening or areaway was sufficiently lighted at the time of
the accident, and whether or not the night clerk, or defend-
ant's agents in charge, used reasonable skill and care in
escorting the plaintiff to his room, and from all these con-
siderations determine whether or not the defendants were
guilty of any negligence.  You must also take into considera-
tion the circumstances under which the plaintiff came to the
hotel, his physical condition, the manner in which he proceeded
to his room, and determine therefrom whether or not he was
guilty of any negligence which contributed to the injury com-
plained of, and, if you find from the evidence that the plaintiff
was guilty of such negligence, then the plaintiff cannot recover."
Complaint is made that in the foregoing instruction the
terms "reasonable care," "reasonable degree of skill," "reasonable
diligence," "reasonable skill and care," "reasonable care and dil-
igence" are used without any explanation as to the meaning of

such terms, and that a failure to do so was error. This contention is without merit, for the reason that in paragraph 14 of the court's charge he tells the jury that by the term "reasonable care" the law means such a degree of care as an ordinarily prudent person would exercise under similar circumstances or in the same situation. Whether this definition makes the meaning any clearer, or whether or not it sheds any additional light on the word "reasonable" itself, we cannot say, but it is the definition usually given by the courts, and is equally as full and lucid as the definitions given in the cases cited by plaintiffs in error.

Objection is made to paragraph 7 of the court's charge, on the ground that the court, having used the term "proximate result" without specifically defining to the jury what is meant by such term, committed reversible error, citing *Swift v. Rennard,* 128 Ill. App. 181; *Mulderig v. St. L., etc., Ry. Co.,* 116 Mo. App. 655, 94 S. W. 801; *Holmes v. Clisby,* 121 Ga. 241, 48 S. E. 934, 104 Am. St. Rep. 103. While the authorities cited seem to support the contention made, yet, as no request was made by plaintiffs in error in the case at bar for a definition of the term "proximate result," this judgment will not be reversed for failure to define such term, and especially since it does not appear from the record that the rights of plaintiffs in error were prejudiced by such failure. Besides, the rule has been repeatedly announced by this court that a judgment will not be reversed for failure of the trial court to instruct upon any particular phase or issue, unless request was made at the trial for such instruction. See *C., R. I. & P. Ry. Co. v. Radford,* 36 Okla. 657, 129 Pac. 834, and cases cited.

Complaint is also made that the court, instead of defining the issues made by the pleadings, set out the pleadings in full in his instructions, but from an examination of the court's charge it appears that in instruction No. 7 the court very clearly and concisely defines the issues between the litigants. Hence we find no error in this regard.

It is contended that the court erred in paragraph 7 by using the following language:

"* * * Third, that the defendants were guilty of negligence in the way or manner or some of the ways complained of by the plaintiff; and, fourth, that the plaintiff was injured as the proximate result of such negligence on the part of defendants."

It is contended by plaintiffs in error that some of the acts of negligence complained of by the plaintiff below were not sufficient in and of themselves to constitute such negligence as would render the defendants liable, and that the court's language conveyed the idea that if any one of the acts of negligence complained of was found to exist, then the plaintiff should recover. But this language, read in connection with the whole paragraph, conveys no such idea. The court was here merely defining the issues made by the pleadings; the third issue being that the defendants were guilty in the way or manner, or some of the ways complained of, and the fourth issue that plaintiff's injuries were the proximate result of such negligence. Hence the contention is not well taken. But if the court had instructed the jury that if they found from the evidence that the defendants were guilty of negligence in any one of the acts complained of, or in any two or all of such acts concurring, and that such negligent act or concurring acts were the proximate cause of plaintiff's injuries, still such instruction would not be error; for such is the law. See *Enid City Ry. Co. v. Decker,* 36 Okla. 367, 128 Pac. 709; 29 Cyc. 565; *Cole v. Gerrick,* 62 Wash. 226, 113 Pac. 565; *Westlake v. Keating Gold Mining Co.,* 48 Mont. 120, 136 Pac. 38; *C., R. I. & P. Ry. Co. v. Brazzell,* 40 Okla. 460, 138 Pac. 794.

Complaint is also made that the court erred in paragraph 11, which is as follows:

"If you find the issues for the plaintiff, then he is entitled to recover reasonable damages; for the law only permits the recovery of reasonable damages. The measure of plaintiff's damages, if you find he is entitled to recover, is reasonable compensation for the physical pain which you may find he has suffered, also any loss which you may find he has sustained by being unable to work and earn money, together with any loss you may find he has sustained by reason of lessened capacity to la-

bor since he left the hospital, also any loss which you may find he has sustained by reason of any permanent injuries, if you find he has sustained any injuries of that character, and also any expenses to which you may find he has incurred in the way of doctor's bills, hospital and nurse expenses; provided such damages do not exceed in the aggregate the sum of $20,278.76."

The plaintiff sued for $20,278.76, and it is contended by plaintiffs in error that the language used by the court in paragraph 11 was equivalent to saying such sum was reasonable damages, but an examination of the charge as a whole refutes this contention.

It is also contended that there was no evidence of any special damage by reason of plaintiff's inability to work and earn money, but the testimony on this point was sufficient to justify the court in instructing the jury on that element of damage, and sufficient, if believed by the jury, to sustain their verdict.

Complaint is also made that the court erred in rereading instruction No. 16 and orally explaining same to the jury. In paragraph 16 the court told the jury that it would be unlawful for them to arrive at a verdict by casting lots or by entering into an agreement to accept the quotient obtained by adding together the amount determined by each individual juror and dividing such amount by 11 or any other number. We fail to see wherein the rights of plaintiffs in error were prejudiced by this action.

The contention that the verdict is contrary to law and not sustained by the evidence is not borne out by the record, nor do we find any material error committed in the admission or rejection of testimony. We think, upon the whole, that defendants below were given a fair trial; at least, we find no reversible error in the record.

The judgment is therefore affirmed.

By the Court: It is so ordered.