38 So.2d 566

**HILLMAN HOTEL, Inc. v. McHALEY.**

**6 Div. 690.**

Supreme Court of Alabama.

Oct. 14, 1948.

Rehearing Denied Feb. 17, 1949.

London & Yancey and Chas. W. Greer, all of Birmingham, for appellant.

Amzi Barber and Harsh & Glasser, all of Birmingham, for appellee.

LAWSON, Justice.

This is an action for damages for personal injuries sustained by the plaintiff, J. W. McHaley, on October 7, 1946, when he fell while descending a flight of stairs in the Hillman Hotel in the city of Birmingham, which hotel was owned and operated by the defendant, Hillman Hotel, Inc. From a verdict and judgment for $9,000 defendant has duly appealed.

The theory of plaintiff's cause of action, considering the case from the standpoint

of its submission to the jury, was that at the time of the accident he was a guest in the hotel of defendant; that defendant negligently caused or negligently allowed the part of the stairway where plaintiff fell to be in a condition not reasonably safe for plaintiff as a guest; and that plaintiff's injuries were a proximate consequence of said negligence.

The defendant pleaded the general issue in short by consent in the usual form.

A hotel operator is not an insurer of the safety of his guests. But it is the general rule and the law of this jurisdiction that it is the duty of a hotel operator to keep his buildings and premises in a condition reasonably safe for the use of his guests, and where his negligence in this respect is the proximate cause of an injury to a guest he is liable therefor. Dye-Washburn Hotel Co. v. Aldridge, 207 Ala. 471, 93 So. 512; West v. Thomas, 97 Ala. 622, 11 So. 768; 43 C.J.S., Innkeepers, § 22, pages 1176-1182; 28 Am.Jur. 578-582. This duty extends to all portions of the premises to which a guest has a right to go and to which it may be reasonably expected that he will go. Rudolph v. Elder, 105 Colo. 105, 95 P.2d 827. However, when the injury occurs at a place in the hotel where the guest or patron had no right to be or it was not to be reasonably expected that he would go, then the hotel owes him no duty except that of refraining from active negligence rendering the premises dangerous. Cumberland Hotel Operating Co. v. Hartman, 264 Ky. 300, 94 S.W.2d 637. Such is the duty owed by the hotel to a trespasser or licensee. Morrison v. Hotel Rutledge Co., 200 App.Div. 636, 193 N.Y.S. 428; Jones v. Bland, 182 N.C. 70, 108 S.E. 344, 16 A.L.R. 1383.

It is without dispute in the evidence that for more than a year prior to the date of the injury, plaintiff and his wife had lived in the Hillman Hotel and that they had paid for that privilege.

We do not understand defendant to contend here that it was entitled to the general affirmative charge on the ground that there was no evidence from which the jury could find that the stairway where the injury occurred was not kept in a condition reasonably safe for use by guests of the hotel.

But defendant does contend that it was entitled to the general charge for the reason that at the time of the accident the plaintiff was a trespasser and therefore defendant did not owe plaintiff the duty of keeping the stairway in a reasonably safe condition.

Defendant insists that the evidence affirmatively shows that the plaintiff used the stairway in spite of the fact that signs were posted in conspicuous places near the entrance to the stairway, which read as follows: "Guests will please use elevators. These steps are for the use of employees only." True, the evidence for the defendant does show the presence of such signs. But there is ample evidence on behalf of plaintiff from which the jury could have found, as they evidently did find, that no such signs were posted as claimed by defendant. Even if it be assumed that the presence of these signs would have made plaintiff a trespasser on the stairway, we are clear to the conclusion that it was for the jury to determine whether or not the signs were posted as claimed by the defendant.

Defendant further insists that aside from its contention that the aforementioned signs were posted, the evidence affirmatively shows that plaintiff was not an invitee of defendant on the occasion when he was injured, but was a trespasser for the reason that elevator facilities were available to the plaintiff and that such facilities being available, it was not reasonably to be expected that plaintiff as a guest of the hotel would use the stairway and that, therefore, the defendant hotel was under no duty to him to keep such stairway in a reasonably safe condition.

The stairway was not barricaded or enclosed in any way. Aside from defendant's contention that signs were posted as mentioned above, there was nothing to indicate to a guest of the hotel that the stairway was not to be used by him. It was apparently for the use of guests and constituted an invitation to use it as such because it was built for that purpose and left open for use. There was evidence

tending to show that the stairways in the hotel were used by its guests with the knowledge of the hotel management. We will not say as a matter of law that the mere presence of elevators in a hotel operate to withdraw from the guests the implied invitation to use a stairway which from all appearances is for their use.

We hold that the defendant was not entitled to the general affirmative charge on the ground that there was no legal evidence from which the jury could find that plaintiff was an invitee of the defendant at the time and place where the accident happened. Nor do we think that the defendant was entitled to a new trial on the ground that the overwhelming weight of the evidence as to the relationship between the defendant and the plaintiff when plaintiff was injured was in favor of defendant's contention that plaintiff was a trespasser.

Defendant next insists that it was entitled to the affirmative charge for the reason that although plaintiff knew that elevator facilities were available to him and knew that the stairway was dangerous, yet he chose to use the stairway rather than the elevator, which was safe. This, on the well-recognized principle that if a safe and a dangerous way are equally open, it is the duty of the party to select the safe rather than the dangerous way. Birmingham Electric Co. v. Jones, 234 Ala. 590, 176 So. 203.

On the evening of the accident plaintiff returned from his work around 6:30 P.M. He entered the lobby of the hotel through the north doorway. There were two elevators in the hotel, referred to in the evidence as the northside elevator and the southside elevator. Plaintiff's room was on the third floor. He rang for the northside elevator, the one nearer his point of entry and the one which would take him nearer his third-floor room. The elevator operator did not appear so plaintiff had a bellboy take him to the third floor in the northside elevator. Plaintiff's wife was not in their room when he arrived with a "cold plate" which he had brought for her supper. Mrs. McHaley, the wife of plaintiff, frequently visited a Mrs. Culbertson, who lived on the fourth floor of the hotel. So plaintiff went there to find his wife. He rang for the northside elevator one time. After waiting for the elevator for a few minutes, plaintiff ascended a flight of stairs between the third and fourth floors of the hotel. This stairway was located near the northside elevator and near plaintiff's room. After locating his wife in Mrs. Culbertson's room, plaintiff and Mrs. McHaley started down the same stairway to the third floor. They did not try to get an elevator. It was while he was descending the stairway that plaintiff fell and received his injury.

The stairway on which plaintiff fell is of the type sometimes referred to as a circular or winding stairway. Alongside the right of the stairway as it leads down to a sharp turn is a railing or bannister, which ends at the point of the turn where a post referred to in the evidence as a newel post is stationed. After the stairway turns and at a place below the point where the railing above referred to ended, another railing begins. There appears to be some evidence to the effect that there was a railing on the left-hand side of the stairway. The treads of the steps of the stairway were made of slate. At the turn the steps are fan-shaped, narrowing down at the point of the turn to a width of only a few inches, but are much wider on the outside of the turn. It is without dispute in the evidence that at the point where the stairway turns and where the plaintiff fell there were rather deep depressions in the treads of the steps, which sloped downward toward the nose of the tread. These depressions, obviously caused by continuous use, were approximately midway between the right and left sides of the treads of the stairway.

There was a light fixture located at the point where the stairway turned, but there was no bulb in it. The light from the fourth-floor hall or corridor lighted the stairway down to the point where it turned to the right. From the point of the turn down to the third floor it was rather dark. But there was evidence tending to show that the lower half of the stairway was not in total darkness. Plaintiff's wife testified that the light from the third floor lighted this portion of the stairway. Plaintiff

testified that he "could just see them [the steps]—couldn't see them positively."

According to plaintiff, he was holding on to the railing on the right side of the stairway, but when he reached the turn he had to release the railing as it ended at the newel post. The steps at this point being very narrow, he moved toward the center of the stairway and as he did so he stepped into one of the depressions or worn places, which caused his foot to slip and as a result he fell down the stairway headfirst.

Plaintiff had never used the stairway at night prior to the time of the accident, but on two or three previous occasions he had used it during the daytime. He was conscious of the fact that it was a winding or circular stairway, but he testified that he had not paid any particular attention to the way the steps and railing were built, nor had he observed that the treads of the steps were worn.

We cannot say that the evidence in this case shows as a matter of law that plaintiff knew that the stairway was dangerous. Defendant contends that the use of the darkened stairway is negligence per se and relies upon the cases of Cook v. McGillicuddy, 106 Me. 119, 75 A. 378, and Baker v. Butterworth, 119 Va. 402, 89 S.E. 849, L.R.A.1916F, 1287. To like effect is the case of Henricks v. Jones, 28 Ga.App. 335, 111 S.E. 81. But the rule of the cases just above cited is not in accord with the decision of this court in the case of West v. Thomas, supra, 97 Ala. 622, 11 So. 768, 769. In that case a guest of the hotel fell down a stairway while walking in a darkened hallway of the hotel. He was returning to his own room from that of a friend. This court held that the question of contributory negligence of the plaintiff was one for the jury, saying: "We cannot affirm, as matter of law, that it was negligence in plaintiff to undertake to return, through the darkened hallway, to his room, from the room of his friend, another guest of the hotel. It was for the jury to determine from all the circumstances whether he was justified in making the effort without calling for a light or assistance." To like effect is the case of Ala-

bama G. S. R. Co. v. Arnold, 84 Ala. 159, 4 So. 359, 5 Am.St.Rep. 354.

Hence we are not prepared to say that plaintiff in using the more or less darkened stairway was guilty of negligence as a matter of law. There is such a thing as reasonable care in the use of a darkened stairway. Ritter v. Norman, 71 Wash. 563, 129 P. 103, 43 L.R.A.,N.S., 657.

It was a question for the jury under all the circumstances in this case to say whether plaintiff knew, or as an ordinarily cautious person should have known, that it was not prudent to use the stairway. Whether under its improper state of lighting a prudent person should have accepted the implied invitation was a question for the jury. There is nothing in the evidence which would enable us to say as a matter of law that the plaintiff knew the stairway was dangerous because of the impressions or worn places in the steps. As before indicated, he testified that he had no knowledge of such defects and there is no evidence in the record which tends to dispute this fact. Where different conclusions may be drawn by different minds from the same evidence, the decision must be left to the jury, and herein it is clear that whether or not the information possessed by plaintiff was sufficient to impress upon his mind the danger incident to the use of the stairway in question was for the jury to decide as an issue of fact. McStay v. Citizens Nat. Trust & Savings Bank, 5 Cal.App.2d 595, 43 P.2d 560; Moore v. Miles, 108 Utah 167, 158 P.2d 676; Snodgrass v. Turner Tourist Hotels, 45 N.M. 50, 109 P.2d 775; Stein v. Buckingham Realty Co., Mo.App., 60 S.W.2d 712.

We hold, therefore, that the question as to whether or not the plaintiff was guilty of contributory negligence was for the jury's determination.

The trial court fully and correctly charged the jury relative to the duty of a person to select a safe way rather than a way which he knows to be dangerous. Hence defendant's requested Charge 12 was refused without error.

It is urged by appellant that the verdict was excessive and for this reason that the motion for a new trial should

have been granted. We have given careful consideration to the evidence as it relates to the extent and nature of plaintiff's injuries and in view of the principles of law which temper and restrain our action and in the light of the decisions of this court, we are unable to say that' we are reasonably satisfied that the amount of this verdict is the result of sympathy, passion, prejudice, bais, or corruption on the part of the jury. As an appellate tribunal, whose revisory powers are guided and controlled by clearly defined limitations, we do not feel authorized to disturb it in the face of the refusal of the trial judge to do so. Central of Georgia Ry. Co. **v.** White, 175 Ala. 60, 56 So. 574.

The judgment of the trial court is affirmed.

Affirmed.

BROWN, FOSTER and STAKELY, JJ., concur.