613 So.2d 376 (1993)
Frances Annette ROBERTSON and Lawrence E. Robertson
v.
TRAVELERS INN.
1911424.
Supreme Court of Alabama.
February 5, 1993.
*377 Robert M. Hill, Jr. of Hill & Young, Florence, for appellants.
J. Glynn Tubb of Eyster, Key, Tubb, Weaver & Roth, Decatur, for appellee.
MADDOX, Justice.
This is a slip and fall case, in which a motel guest and her husband sued the motel, alleging that it had negligently and wantonly caused or allowed water to be on the floor of the motel unit the guest and her husband were renting. The wife sued for damages based on personal injuries she received; the husband sued for damages for loss of consortium.
The trial court entered a summary judgment in favor of the defendant, Travelers Inn, and against the plaintiffs, Frances and Lawrence Robertson, apparently on the ground that Mrs. Robertson had been aware that the floor was wet before she slipped and fell on it. The Robertsons appeal. We reverse and remand.
In May 1991, Frances and Lawrence Robertson obtained lodging at the Travelers Inn motel in Tuscumbia, Alabama, while Mr. Robertson was employed at a nearby gas line project. Travelers Inn is a business operating and maintaining a motel for lodging for the general public. Lawrence Robertson does construction work at various locations within the state, and the Robertsons obtain temporary lodging from job to job. At the defendant's motel, the Robertsons paid a weekly rate that did not include maid service or linens.
On the day of the accident, June 3, 1991, Lawrence Robertson left for work at 6:00 a.m., and Frances Robertson, during the day, cleaned the unit, made lunch, watched television, and had two beers during the afternoon, as was her custom. Mrs. Robertson, as well as other guests of the Inn, had complained to the motel manager that they were not getting hot water. The water heater in the unit occupied by the Robertsons furnished hot water to several rooms besides theirs. The motel manager arrived at about 9:00 a.m. to work on the water heater. During the course of this work, the manager drained the water heater *378 by running a hose from the bottom of it out the front door of the Robertsons' unit.
While the manager was working on the water heater, Mrs. Robertson was visiting and watching television with a friend, Anita Hopper, who was also residing at the motel with her husband. The two women remained in the Robertson unit while the manager was working on the water heater.
The water heater was located in a closet off the kitchenette of the Robertsons' unit. An area of the kitchenette floor beside the closet door was covered with carpet; the remainder of the kitchenette floor was tile. The hose that the manager had attached to the water heater ran out the closet door, then curved and ran out the front door of the Robertsons' unit.
It was after lunch when the manager finished working on the water heater. During the morning, while he was draining it, he said, "I'm making a mess; we'll have to clean it up." He then disconnected the hose and left. He later returned but did not dry up the water that had leaked onto the floor.
Mrs. Robertson and Mrs. Hopper dried the water off the tile floor with towels. The water had leaked across both the carpet area and the tile area of the kitchenette floor. They did not attempt to dry the water off the carpet, because they did not believe it was very wet. After the manager had left, Mrs. Robertson felt moisture on the carpet as she walked across it barefoot. She testified that she did not know the carpet was so wet that the water would seep from it onto the tile area that she and Mrs. Hopper had dried. After they had dried the water off the tile area, Mrs. Robertson was in and out of the kitchenette while cooking supper; she felt some dampness while walking over the carpeted area with her bare feet, but most of her activities were in the tile area of the kitchenette.
When Mr. Robertson came in from work about 6:00 p.m., Anita Hopper left. The Robertsons ate dinner. After dinner, and while Mr. Robertson was showering, Mrs. Robertson laid out his clothes and prepared the bed. She then told him that she was going to ask Anita Hopper to come and watch television with her and she then left the bedroom. When she cut across the corner of the kitchenette from the carpet area onto the tile area, she slipped in water, which had seeped from the carpet onto the tile, and fell, receiving the injuries for which she claims damages.
According to Mrs. Robertson's testimony, when she walked across the carpet area before she fell, it was still a little bit damp. The area was well lit and there was nothing to obstruct her vision as she walked across the carpet area onto the tile area. When she fell, there was a puddle of water on the tile and after the fall her pants were wet at the point where her body had come into contact with the tile floor. After the accident, the motel manager arrived and pulled the carpet back, stating, "I'm going to pull this up. I should have done it before. I'll make sure nobody else falls."
Rule 56, A.R.Civ.P., sets forth a two-tiered standard for entering a summary judgment. The rule requires the trial court to determine (1) that there is no genuine issue of material fact and (2) that the moving party is entitled to a judgment as a matter of law. The burdens placed on the moving party by this rule have often been discussed by this Court:
"`The burden is on one moving for summary judgment to demonstrate that no genuine issue of material fact is left for consideration by the jury. The burden does not shift to the opposing party to establish a genuine issue of material fact until the moving party has made a prima facie showing that there is no such issue of material fact. Woodham v. Nationwide Life Ins. Co., 349 So.2d 1110 (Ala.1977); Shades Ridge Holding Co. v. Cobbs, Allen & Hall Mortg. Co., 390 So.2d 601 (Ala.1980); Fulton v. Advertiser Co., 388 So.2d 533 (Ala.1980).'"
Berner v. Caldwell, 543 So.2d 686, 688 (Ala.1989) (quoting Schoen v. Gulledge, 481 So.2d 1094 (Ala.1985)).
The standard of review applicable to a summary judgment is the same as the standard for granting the motion, that is, we must determine whether there was a genuine issue of material fact and, if not, *379 whether Travelers Inn was entitled to a judgment as a matter of law. Our review is further subject to the caveat that this Court must review the record in a light most favorable to the Robertsons and resolve all reasonable doubts against the movant, Travelers Inn. Wilson v. Brown, 496 So.2d 756, 758 (Ala.1986); Harrell v. Reynolds Metals Co., 495 So.2d 1381 (Ala. 1986). See also Hanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala.1990).
Because this action was not pending on June 11, 1987, Ala.Code 1975, § 12-21-12, mandates that the nonmovant meet its burden by "substantial evidence." Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). Under the substantial evidence test the nonmovant must present "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
In Hillman Hotel, Inc. v. McHaley, 251 Ala. 655, 657, 38 So.2d 566, 567 (1948), the Court stated the duty of a hotel or motel operator to its guests:
"A hotel operator is not an insurer of the safety of his guests. But it is the general rule and the law of this jurisdiction that it is the duty of a hotel operator to keep his buildings and premises in a condition reasonably safe for the use of his guests, and where his negligence in this respect is the proximate cause of an injury to a guest he is liable therefor. [Citations omitted.] This duty extends to all portions of the premises to which a guest has a right to go and to which it may reasonably be expected that he will go."
The Robertsons argue that the Travelers Inn failed to keep their room in a safe condition; that this failure to do so was negligent; that the negligent failure proximately caused Mrs. Robertson's fall and resulting injuries; and that Travelers Inn is therefore liable for those injuries and any loss resulting from them. Their position is that when Frances Robertson walked from the bedroom into the kitchenette in the motel unit, she was in a place where she had the right to go and where the defendant could have expected her to go, and that, by failing to remove the water put on the floor by the employee's repairs on the water heater, Travelers Inn created a dangerous condition that proximately caused Frances Robertson's injuries.
In Baptist Medical Center v. Byars, 289 Ala. 713, 271 So.2d 847 (1973), the plaintiff had actual knowledge that the floor upon which she fell was wet, and she had been warned by an employee of the defendant that the floor was "slick" and to "be careful." Justice Merrill, in affirming a judgment for the plaintiff, held:
"The essential elements of contributory negligence in Alabama where the plaintiff assumed the risk or consequences by placing himself into a dangerous position are (1) knowledge by the plaintiff of the condition; (2) appreciation of the danger under the surrounding conditions and circumstances; and (3) failure of the plaintiff to exercise reasonable care in the premises, [and] with such knowledge and appreciation [putting] himself in the way of danger. [Citations omitted.]
"....
"The burden of proving a plea of contributory negligence is on the defendant. The question of whether the plaintiff is guilty of contributory negligence as a matter of law, and therefore one for the court to decide, arises only when the facts are such that all reasonable men must draw the same conclusion therefrom, and the question is for the jury when, under the facts and circumstances, reasonable minds may fairly differ upon the question of negligence vel non. [Citation omitted.]
"....
"Under all the evidence in this case, we [conclude] that plaintiff-appellee had knowledge of the slippery condition of the floor, but the question of her appreciation of the danger under surrounding conditions and circumstances and whether she exercised reasonable care were *380 properly submitted to the jury, because we are unable to say that plaintiff's contributory negligence, in the light of the governing principles discussed, was established as a matter of law."
289 Ala. at 717-18, 271 So.2d at 849-50.
In Bogue v. R & M Grocery, 553 So.2d 545 (Ala.1989), the Court stated the following principles that are applicable to these types of cases:
"Once it has been determined that the duty owed to an invitee has been breached, questions of contributory negligence, assumption of the risk, and whether the plaintiff should have been aware of the defect, are normally questions for the jury. This is such a case. There are any number of factual issues for a jury in this case, as there usually are in negligence cases. As the Court noted in Foodtown Stores, Inc. v. Patterson, 282 Ala. 477, 213 So.2d 211 (1968):
"`There are many factual matters that are involved in cases such as thisas examples: How old was the plaintiff? Her general health at the time of the accident? How much did she weigh? Was she wearing high or low heels? Was she under medication at the time that could have caused her to lose her equilibrium? Did she wear glasses? Bifocals? How long since they were changed or corrected? What was the condition of the floor as to color? Was it a slippery floor, or did it have a nonslippery surface? Countless other matters are important and usually present in such a case as this. All of such, however, are factual and for the jury to consider in each case, after proper instructions from the court.'
282 Ala. at 482, 213 So.2d at 215-16."
553 So.2d at 547-48.
The testimony of Frances Robertson indicated that although she was aware that water had leaked onto the tiled area of the kitchenette floor, she did not realize the extent of the leakage onto the carpeted area next to the water heater or that gravity would eventually cause this water to seep onto the tiled area. She testified:
"Q. Ms. Hopper helped you dry some of the water up?
"A. Yes.
"Q. And where were you drying the water up?
"A. Off the tile. We didn't think the carpet was that wet.
"Q. Was the carpet wet though?
"A. Yes, but we didn't know it was that wet to seep out again onto that after we'd done dried it up.
"Q. How did you go about trying to dry up the tile and the carpet?
"A. We took towels and dried it up with a towel.
"Q. You just put towels down and wiped the linoleum and then just kind of stepped on the towels hoping it would absorb off the carpet; is that right?
"A. We missed the carpet. We didn't think it was that wet, but it was underneath it, I guess."
Viewing the evidence in a light most favorable to the Robertsons, as our standard of review requires us to view it, we cannot say, as a matter of law, that Frances Robertson was contributorily negligent or assumed the risk. Contributory negligence is an affirmative defense, and the defendant bears the burden of proof as to that defense. On its motion for summary judgment, Travelers Inn bore the burden of proving that all reasonable people would reach the same conclusion: Frances Robertson had knowledge of the dangerous condition; that she appreciated the danger under the surrounding circumstances; and that she failed to exercise reasonable care under the circumstances. Chilton v. City of Huntsville, 584 So.2d 822, 825 (Ala. 1991).
Frances Robertson's testimony indicated that she did not know that water had seeped from the carpeted area onto the tiled area. Although she was aware that the tiled area had previously been wet and that the carpeted area still was damp, her testimony presents a question of fact as to whether she appreciated the risk associated with the wet conditions around the water heater. Likewise, an issue of fact is presented *381 as to whether she exercised reasonable care in her actions, given her knowledge of the conditions of the area surrounding the water heater.
Therefore, the trial court's judgment is due to be reversed and the cause remanded.
REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, SHORES, ADAMS, STEAGALL and INGRAM, JJ., concur.
HOUSTON, J., concurs in part and dissents in part.
HOUSTON, Justice (concurring in part; dissenting in part).
There was no substantial evidence to support a wantonness claim. Likewise, wantonness was not made an issue by the appellant or argued in the appellant's brief. Therefore, I would affirm as to the wantonness claim, but reverse and remand as to the negligence claim.