Appellants, Hazel S. Gardner and her husband Henry Lee Gardner, sued Vinson Guard Service ("Vinson Guard"), alleging negligence or wantonness, breach of contract, and legal fraud in that the defendant allegedly failed to prevent injury to Hazel. The injury occurred as a result of a break-in at a business at which the defendant company was employed as a security service. Summary judgment was granted in favor of Vinson Guard.
Hazel was employed by Van's Photo, Inc.; her shift began at 5:00 a.m. Vinson Guard was employed, via an oral contract, to provide security guards at Van's Photo. *Page 14 
Although operating under an oral contract, special instructions were given the security officers working at Van's Photo. These instructions stated:
 "Security Officer will report at 8:15 PM and will remain on duty until 6:00 AM, Sunday through Thursday.
 "Report for duty in full uniform at 8:15 PM. There will be a group of female employees coming to work from about 8:30 PM until 11:30 PM. The Security Officer will remain in front of the building during these hours. After 11:30 PM, each hour he will make a security check of sides and rear of Van's building. (Note: Be sure and vary times these checks are made, so as not to set a pattern.)
 "At 5:00 AM each morning, there will be three (3) more female employees reporting for work. The security officer will be in front of the building so that he can make sure these ladies get into the building safely.
 "Parking is to be directly in front of the building under the Van's sign, and across Emogene Street in front of Van's small building. If this is not sufficient, parking will be allowed along the wall of the building (behind the guard house) starting at far end and coming toward the guard house.
 "Guards will use the bathroom facilities in Van's building, but will not visit or linger in building for any extended period of time.
 "The guard house has been provided for Security Officers by Van's Photo and will be kept locked at all times. It will be kept neat and clean at all times by the Security Officers.
 "Any Security Officer found in violation of any of the above will be TERMINATED."
The uncontroverted affidavit testimony was that Vinson Guard was to provide protection for vehicles in the parking lot of Van's Photo and to protect employees traveling to and from their vehicles. A secondary responsibility of the security guards was to patrol the perimeter around the facility and to make their presence evident.
On the morning of November 18, 1983, Hazel arrived at work, to learn that a burglary had occurred. The security guard informed the employees, including Hazel, that he had interrupted someone trying to break into the cigarette machine and that there was no need to call the police because the man had left and he (the security guard) had recovered all of the merchandise. The security guard then proceeded to show the employees where the rear door had been forced open. Hazel testified during her deposition that the security guard represented to her that it was safe to enter the building; she and her fellow employees then went inside to begin work. Approximately 15 minutes later, Hazel went upstairs to the restroom, where she was struck in the abdomen by a second burglar, who then fled, unseen, from the building.
The Gardners alleged that Vinson Guard committed legal fraud through its agent by falsely representing to Hazel that it was safe to enter the building; was negligent or wanton in performing its duties of providing security for the building; and breached its contract to provide security services for the building. Hazel claimed damages for personal injuries and Henry claimed damages for loss of consortium.
On appeal, the Gardners argue that the trial court erred in granting summary judgment in favor of Vinson Guard and they raise the following issues:
 1. Whether Vinson Guard had a duty to protect Hazel against the criminal attack of a third party, who injured her, and, if so, whether the record created an issue of fact as to whether Vinson Guard was negligent or wanton in performing this duty.
 2. Whether Hazel was a third-party beneficiary of the contract for security services between Vinson Guard and Van's Photo and, if so, whether a material issue of fact was presented as to whether Vinson Guard breached that contract, causing injury.
 3. Whether the Gardners have a claim for fraud against Vinson Guard where Hazel, relying on a statement made by an employee of Vinson *Page 15 
Guard that it was safe to enter the Van's Photo place of business, suffered an injury when attacked by the second burglar, when Vinson Guard knew the building had been burglarized and had failed to find that burglar or to notify police.
We review these issues according to the standard appropriate for summary judgments. Because this action was pending on June 11, 1987, the "scintilla rule" applies. See Act 87-184, Ala. Acts 1987.
 "Rule 56(c), A.R.Civ.P., provides that summary judgment may be granted only when the materials on file show that 'there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' If there is a scintilla of evidence supporting the position of the non-moving party, then the court must overrule the motion for summary judgment and allow the jury to hear the case. Campbell v. Alabama Power Co., 378 So.2d 718 (Ala. 1979). On appeal, we look at the materials presented to the trial court and determine for ourselves, in light of the scintilla rule, whether there were any triable issues of fact due to be decided by the jury. Chiniche v. Smith, 374 So.2d 872 (Ala. 1979)."
Jarrard v. Nationwide Mutual Insurance Co., 495 So.2d 584,585-86 (Ala. 1986).
In light of the evidence that the security guard informed Hazel that the premises were safe, a jury question was created as to whether Vinson Guard had assumed a duty to protect the Van's Photo employees while they were inside the building. We, therefore, hold that the trial court erred in granting summary judgment on the negligence count.
However, the Gardners' contentions regarding the next two issues must fail. In their brief, the Gardners argue that a cause of action may exist for a third-party beneficiary for a breach of contract. We do not dispute that a cause of action may exist, but we can find no contractual duty imposed upon Vinson Guard. Likewise, having thoroughly examined the record in a light most favorable to the Gardners, we can find no genuine issue as to any material fact regarding the Gardners' fraud claim. The trial court, therefore, did not err in granting summary judgment as to either the Gardners' contract count or their fraud count. Nor do we find any evidence to support the Gardners' claim for wantonness.
Due to the foregoing, we hold that there was evidence presented supporting the Gardners' claims under the negligence count, but that no evidence was presented to support the wantonness, contract, or fraud theories.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
TORBERT, C.J., and JONES, SHORES, ADAMS and STEAGALL, JJ., concur.