During the afternoon of January 5, 1992, Travis James McAlpine was driving his automobile south on Arkadelphia Road in Blount County, Alabama. After passing two stop ahead signs and a "stop ahead" legend painted on the roadway, McAlpine crossed into Jefferson County and approached the intersection of Arkadelphia Road and Corner Road. Blount County placed and maintained the stop ahead signs and the painted legend. The intersection was located in Jefferson County, with the Blount County line lying approximately 50 feet north and 245 feet east of the center of the intersection. McAlpine entered the intersection without stopping, and his vehicle collided with a pick-up truck traveling east on Corner Road. The pick-up truck was driven by Timothy Samuel Jones.
The intersection of Arkadelphia Road and Corner Road was a two-way stop for vehicles traveling north and south on Arkadelphia Road. On Friday, January 3, 1992, at approximately 2:00 p.m., the Blount County sheriffs office phoned Phillip Widner, Blount County assistant engineer, and reported that the stop sign was down. Widner attempted to convey this information to a Blount County road crew by radio, but he was unable to reach the crew. Thereafter, Widner explained the situation to Richard Spraggins, Blount County engineer; however, neither official took any action to ensure that the sign was replaced or repaired, nor did they attempt to contact Jefferson County officials to notify them of the downed stop sign. Thus, at the time of the accident, the stop sign for traffic traveling south on Arkadelphia Road had been down for at least two days.
Within hours after the accident involving McAlpine and Jones, Blount County replaced the downed stop sign at the intersection of Arkadelphia Road and Corner Road. Blount County had replaced this stop sign once before, in November 1991. The record does not show who originally erected the stop sign at the intersection.
On August 16, 1993, Jones and his wife, Angela Jones, filed a complaint in the Jefferson County Circuit Court against McAlpine and Blount County, the Blount County Commission, Frank J. Green, as chairman of the Blount County Commission, and Walter R. Thomas, as Commissioner of District One of Blount County (hereinafter collectively referred to as "Blount County defendants"). Count one of the complaint alleged that McAlpine's negligent operation of his motor vehicle caused the accident; count two alleged that McAlpine's wantonness caused the accident; count three alleged that the Blount County defendants were negligent, because they had failed to properly maintain the stop sign at the intersection; and count four was a loss of consortium claim brought by Angela Jones against all the defendants. Each defendant filed an answer denying all of the allegations and asserting various affirmative defenses, including contributory negligence.
Thereafter, the Blount County defendants filed a motion for summary judgment and supporting brief, arguing that Blount County did not have a duty to maintain the intersection where the accident occurred because, they said, the intersection was located entirely in Jefferson County. The Blount County defendants also argued that summary judgment was proper because, they said, Jones's own negligence contributed to the cause of the accident. Jones filed a brief in opposition to the motion for summary judgment, and thereafter, the trial court, by making an entry on the Jefferson County Circuit Court case action summary sheet, granted the motion for summary judgment as to the Blount County defendants. The order stated as follows:
 "It appearing that there is no genuine issue as to any material fact and the defendants Blount County, Alabama, the Blount County Commission, Commission Chairman Frank Green, and Commissioner Walton R. Thomas are entitled to a judgment as a matter of law, the foregoing motion for summary judgment is granted."
The trial court made the judgment final pursuant to Rule 54(b), Ala.R.Civ.P. Jones appeals. *Page 205 
On appeal, Jones contends that the summary judgment was improper because (1) the Blount County defendants had a duty, as a matter of law, to repair or replace the downed stop sign, and (2) a genuine issue of material fact exists as to whether Jones was guilty of contributory negligence.
Even though a trial court does not specify the grounds upon which it based its summary judgment, an appellate court is bound to sustain the trial court's judgment if there is a valid basis for it. Hughes v. Allenstein, 514 So.2d 858 (Ala. 1987). Therefore, we must review each issue raised by the Blount County defendants in their motion for summary judgment.
An appellate court reviewing a summary judgment uses the same standard used by the trial court. Southern Guaranty Ins. Co. v.First Alabama Bank, 540 So.2d 732 (Ala. 1989). A summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c)(3), Ala.R.Civ.P. Like the trial court, the appellate court views the evidence and resolves all reasonable doubts in favor of the nonmovant.Specialty Container Mfg., Inc. v. Rusken Packaging, Inc.,572 So.2d 403 (Ala. 1990). The burden is on the movant to show that there exists no genuine issue of material fact; however, once a party moving for a summary judgment establishes a prima facie showing that no genuine issue of material fact exists, then the burden shifts to the nonmovant to rebut the prima facie showing. McClendon v. Mountain Top Indoor Flea Market, Inc.,601 So.2d 957 (Ala. 1992).
After the movant has made a prima facie showing that he is entitled to a judgment as a matter of law, the opposing party must show by substantial evidence that there is a genuine issue of material fact that would require a resolution by a factfinder. Johnson v. Citizens Bank, 582 So.2d 576
(Ala.Civ.App. 1991). Substantial evidence is "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida,547 So.2d 870, 871 (Ala. 1989).
We first address whether the Blount County defendants had a duty, as a matter of law, to repair or to replace the downed stop sign. The existence of a duty is ordinarily a question of law for the trial court. Garner v. Covington County,624 So.2d 1346 (Ala. 1993). The Blount County defendants argue that the summary judgment was proper because, they say, Blount County had no duty to repair or to replace the stop sign under the control test set out in Garner, supra. In Garner, our Supreme Court stated that "[t]he test for determining whether a county or a municipality has a duty to maintain a roadway is whether it has a right to control, or to participate in the control, of the roadway." 624 So.2d at 1350. The Blount County defendants contend that they did not have a duty to maintain the stop sign at the intersection because, they argue, there is no statutory authority in Alabama that gives Blount County a right to control, or to participate in the control of, an intersection located in Jefferson County. While we agree that, under the control test used in Garner, Blount County did not have a statutory duty to maintain the stop sign, we must determine if Blount County had a duty to replace or to repair the stop sign based on principles of ordinary negligence.
With regard to the existence of a duty, our Supreme Court has stated that "[a]lthough the existence vel non of a duty isordinarily a question of law for the court, it is not error to submit the question to the jury if the factual basis for the question is in sufficient dispute: to allow the trial court to determine such questions would undermine the traditional factfinding function of the jury." Garner, 624 So.2d at 1350. The Court has also said that "[w]here the facts, upon which the existence of a duty depends, are disputed, the factual dispute is for resolution by the jury." Alabama Power Co. v. Alexander,370 So.2d 252, 254 (Ala. 1979) (quoted with approval in Garner, 624 So.2d at 1349-50). *Page 206 
In this case, there is a question of fact as to whether Blount County voluntarily assumed a duty, under the principles of ordinary negligence, to repair or to replace the stop sign. See Davis v. Coffee County Commission, 505 So.2d 329
(Ala. 1987); City of Prichard v. Kelley, 386 So.2d 403 (Ala. 1980); and Dailey v. City of Birmingham, 378 So.2d 728
(Ala. 1979). " '[T]he existence of a voluntarily assumed duty through affirmative conduct is a matter for determination in light of all the facts and circumstances.' " Chandler v.Hospital Authority of the City of Huntsville, 548 So.2d 1384,1387 (Ala. 1989) (quoting Parker v. Thyssen Mining Constr.,Inc., 428 So.2d 615, 618 (Ala. 1983)).
The facts in this case which support an inference that Blount County assumed a duty to repair or to replace the stop sign are: Blount County's past replacement of the stop sign; the placement of the stop ahead signs and painted legend by Blount County; the report of the downed stop sign to Blount County; and the lack of any evidence that Jefferson County maintained the stop sign. Viewing these facts in the light most favorable to the nonmovant, Jones, we hold that the summary judgment was not proper with regard to the question of duty, because a jury question exists as to whether Blount County assumed a duty to repair or to replace the stop sign. See Chandler, supra;Gardner v. Vinson Guard Svc., Inc., 538 So.2d 13 (Ala. 1988);Stewart v. Bay Minette Infirmary, 501 So.2d 441 (Ala. 1986); andDailey, supra.
Next, Jones contends that a genuine issue of material fact exists as to whether his own negligence contributed to the cause of the accident. In response, the Blount County defendants argue that Jones's deposition testimony establishes his contributory negligence as a matter of law. According to Jones's testimony, he drove through the intersection of Arkadelphia Road and Corner Road more than once before the accident, with the most recent visit occurring three days before the accident. Jones also admitted that, on more than one of these occasions, he had noticed that the stop sign was down. Moreover, Jones testified that at the time of the accident on January 5, 1992, he was not thinking about the downed stop sign and that he did not take any extra precautions as he entered the intersection.
"Generally, the issue of whether a person is contributorily negligent is a question of fact for the jury." Adams v. CoffeeCounty, 596 So.2d 892, 895 (Ala. 1992). " 'The question of whether the plaintiff is guilty of contributory negligence as a matter of law, and therefore one for the court to decide, arises only when the facts are such that all reasonable men must draw the same conclusion therefrom, and the question is for the jury when, under the facts and circumstances, reasonable minds may fairly differ upon the question of negligence. . . .' " Robertson v. Travelers Inn, 613 So.2d 376,379 (Ala. 1993) (quoting Baptist Medical Center v. Byars,289 Ala. 713, 717-18, 271 So.2d 847, 849-50 (Ala. 1973)). "Unless the evidence submitted on a summary judgment motion is wholly without adverse inferences or is free from any doubt, summary judgment must not be entered, but the issues must be submitted to the jury." Gossett v. Twin County Cable T.V., Inc.,594 So.2d 635, 640 (Ala. 1992).
Viewing the evidence in favor of the nonmovant, Jones, we conclude that reasonable minds may differ on the question of whether Jones was guilty of contributory negligence and therefore, this issue should have been presented to a jury.Robertson, supra.
Based on the foregoing, we hold that the trial court erred by entering the summary judgment in favor of the Blount County defendants and we remand the case for further proceedings.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THIGPEN, YATES, MONROE, and CRAWLEY, JJ., concur. *Page 207