WRIGHT, Retired Appellate Judge.
Nichole Dionne Pickett filed a complaint in the Madison County Circuit Court against Chambers Bottling Company, L.L.C.; Douglas Glenn Oliver; and various fictitious defendants. She alleged that Oliver negligently and/or wantonly left, parked, or stopped a truck on the highway in violation of § 32-5A-136(a), Ala.Code 1975, and that this action proximately caused Pickett’s automobile to collide with the truck. Pickett also alleged that Chambers, Oliver’s employer, negligently entrusted its truck to Oliver. Chambers and Oliver answered, raising the affirmative defense of contributory negligence. Chambers counterclaimed for property damage to its truck. A jury trial ensued. At the close of Pickett’s case, Chambers and Oliver moved for a directed verdict, which the trial court granted. Chambers also voluntarily dismissed its counterclaim against Pickett. The trial court entered a judgment in Chambers and Oliver’s favor. Pickett filed a motion for a new trial, which was denied by operation of law.
Pickett appeals, contending that the trial court erred in granting a directed verdict in favor of Chambers and Oliver as to her negligence claims. This case is before this court pursuant to § 12-2-7(6), Ala.Code 1975.
Motions for directed verdicts and for a judgment notwithstanding the verdict test the sufficiency of the evidence in the same way. Flagstar Enter., Inc. v. Bludstvorih, 696 So.2d 292 (Ala.Civ.App.1996). A directed verdict is proper (1) where the nonmoving party has failed to present substantial evidence regarding some element essential to his claim or (2) where there is no disputed issue of fact upon which reasonable persons could differ. Rule 50(a), Ala. R. Civ. P.; John R. Cowley & Bros., Inc. v. Brown, 569 So.2d 375, 376 (Ala.1990); Koch v. State Farm Fire & Cas. Co., 565 So.2d 226, 228 (Ala.1990); Dobbs v. Alabama Power Co., 549 So.2d 35, 36 (Ala.1989).
When it considers a motion for a directed verdict, the trial court must let a question go to the jury if there is substantial evidence to support the theory of the complaint. Flagstar Enter., Inc., supra. Additionally, in reviewing the ruling on a motion for a directed verdict, this court must view all the evidence in a light most favorable to the nonmovant and must entertain such reasonable evidentiary inferences as the jury would have been free to draw. Wadsworth v. Yancey Bros. Co., 423 So.2d 1343, 1345 (Ala.1982).
Although the existence of a duty is generally a question of law to be determined by the trial court, Garner v. Covington County, 624 So.2d 1346 (Ala.1993), “ ‘it is not error to submit the question to the jury if the factual basis for the question is in sufficient dispute: to allow the trial court to determine such questions would undermine the traditional factfinding function of the jury.’ ” Jones v. Blount County, 681 So.2d 202, 205 (Ala.Civ.App.1995) (quoting Garner, 624 So.2d at 1350). If the facts upon which a duty depends are disputed, then “the factual dispute is for resolution by the jury.” Jones, 681 So.2d at 205.
Section 32-5A-136(a), Ala.Code 1975, states as follows:
“Outside a business or residence district no person shall stop, park or leave standing any vehicle, whether attended or unattended, upon the roadway when it is practicable to stop, park or so leave such vehicle off the roadway, but in every event an unobstructed width of the high *214 way opposite a standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicle shall be available from a distance of 200 feet in- each direction upon such highway.”
The parties stipulated that on May 4, 1995, Oliver, who was employed by Chambers, drove a white, 26,000-pound “Gruns-way” truck and delivered Coca-Cola products to Chambers’s customers. Both Oliver and Pickett testified that it was a rainy, overcast day, which required the use of headlights and windshield wipers.
Oliver arrived at Smith Enterprises, a business located on Washington Street in Huntsville, at approximately 9:45 a.m. Washington Street has four lanes. Oliver left his truck in the right lane of the street while he made a delivery to Smith Enterprises. Oliver testified that he made his delivery in approximately five to six minutes. Pickett was operating her automobile in the right lane on Washington Street when she saw Oliver’s truck. She testified that she tried to maneuver into the left lane, but was unable to maneuver into that lane. Pickett stated that she applied her brakes, but was unable to stop, and her automobile struck the rear of Oliver’s truck. She further testified that she did not see any flashing lights on the truck until after the impact.
Oliver testified that the employees at Chambers told him to park on the road only when there was no drive-in or parking spot and he was going to be there less than 10 minutes. Oliver stated that if he was going to park on the road for more than 10 minutes, both state and federal law required him to place warning devices or cones behind his truck. Oliver testified that he had cones and a warning triangle in his truck, but did not use them on May 4,1995, because he was not going to park more than 10 minutes in front of Smith Enterprises. He also stated that he could have parked his truck in the parking-lot of Smith Enterprises and that the truck would have been completely off the road. Oliver further testified that he did not park in the parking lot because he did not want to inconvenience the customers of Smith Enterprises and because in order to leave the parking lot, he would have to back up in the parking lot or back out onto the road. He also stated that it was not practicable for him to park his truck off the road.
“ ‘The credibility of a witness, and the weight which such witness’s testimony is to be accorded, are to be determined by the jury, as are any inconsistencies or contradictions in his testimony.’ ” Teague v. Adams, 638 So.2d 836, 838 (Ala.1994) (quoting Mahan v. State, 508 So.2d 1180, 1183 (Ala.Crim.App.1986)). Therefore, the credibility of Oliver’s testimony was a matter for the jury to determine. Based upon our review of the record, we conclude that there existed a factual question as to whether it was practicable for Oliver to park his truck in the parking lot of Smith Enterprises and, thus, the trial court erred in granting a directed verdict in favor of Chambers and Oliver on Pickett’s negligence claims.
Accordingly, we reverse the judgment of the trial court, which granted Chambers and Oliver a directed verdict on Pickett’s negligence claims, and we remand this case for further proceedings.
The foregoing opinion was prepared by Retired Appellate Judge L. Charles Wright while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
REVERSED AND REMANDED.
ROBERTSON, P.J., and MONROE and CRAWLEY, JJ., concur.
YATES and THOMPSON, JJ., dissent.