MONROE, Judge.
Dwight Arnold Price sued Meadowcraft Industries, Inc., and other defendants not relevant to this appeal, alleging that they had acted negligently or wantonly in failing to provide Price a safe workplace and that their negligence or wantonness had resulted in his being injured. Meadow-craft moved for a summary judgment, which the trial court denied. The court held a jury trial. At the close of Price’s case, Meadowcraft moved for a judgment as a matter of law, which the trial court denied. At the close of all the evidence, Meadowcraft renewed its earlier motion for a judgment as a matter of law. The trial court denied that motion. A jury returned a verdict in favor of Price, awarding him $60,000 in compensatory damages. The trial court entered a judgment on the verdict. Thereafter, Meadowcraft filed a motion for a judgment as a matter of law, which the court denied. Meadowcraft appealed to the Alabama Supreme Court, which transferred the case to this court, pursuant to § 12-2-7(6), Ala.Code 1975.
Meadowcraft argues that the court erred in denying its motion for summary judgment, its motions for a judgment as a matter of law, and its postjudgment motion for a judgment as a matter of law. Meadowcraft claims that it did not owe a duty to Price to provide him a safe workplace. Also, Meadowcraft claims that if it did owe Price a duty of care, it fulfilled its duty. Additionally, Meadowcraft argues that Price was contributory negligent.
To determine whether the trial court correctly denied Meadowcraft’s motion for a judgment as a matter of law, this court must decide “whether the party with the burden of proof produced sufficient evidence of a conflict warranting a jury’s consideration,” and, in making that determination, the court must review the evidence “in a light most favorable to the nonmoving party.” Gresham v. Schlumberger Indus., Inc., 656 So.2d 347, 349-50 (Ala.1995) (citations omitted). “A verdict is properly directed only where there is a complete absence of proof on a material issue or where there are no disputed questions of fact for the jury to determine.” K.S. v. Carr, 618 So.2d 707, 713 (Ala.1993).
Meadowcraft manufactures wrought-iron furniture and accessories. Meadowcraft hired Bama Handling Services, Inc., to install additional conveyor-belt lines in its plant. Bama hired Techmation, Inc., to resolve software problems with Meadow-craft’s computer programs related to its conveyor belts and to install additional *700 software to manage the new conveyor-belt lines.
Price was an employee of Techmation and worked at Meadowcraft’s plant. While working one day, Price was attempting to determine why the entire conveyor belt system had shut down. In attempting to find the problem, Price got onto the conveyor-belt system. The evidence indicates that a Meadowcraft employee turned the system on. The evidence is disputed as to how Price’s accident actually happened. However, Price’s leg was caught between the top and bottom belts, which were moving in opposite directions. Price suffered severe injuries and was permanently impaired.
It is undisputed that Price was not an employee of Meadowcraft, but was an employee of an independent contractor.
“An owner of premises is not responsible to an independent contractor for injury from defects or dangers which the contractor knows of, or ought to know of. If the defect or danger is hidden and known to the owner, and neither known to the contractor, nor such as he ought to know, it is the duty of the owner to warn the contractor and if he does not do this, of course, he is liable for resultant injury. Crawford Johnson & Co. v. Duffner, 279 Ala. 678, 189 So.2d 474 (1966).”
Glenn v. United States Steel Corp., 423 So.2d 152, 154 (Ala.1982).
The record suggests the following: The conveyor belts that were involved in Price’s accident did not have a safety roller. The absence of the safety roller created the gap between the belts where Price’s leg was caught. There was evidence presented indicating that Meadowcraft had removed the safety roller. There was evidence indicating that the belt system’s manufacturer had warned that the safety rollers should not be removed and that the system should not be operated without safety rollers.
Meadowcraft argues that it fulfilled its duty to Price and the other persons working at the plant, by instructing them not to climb onto the conveyor belt. However, Price presented evidence indicating that his accident resulted from the absence of a safety roller. The evidence indicated that Price was not informed that the conveyor belt lacked the safety roller, and that he had no knowledge of the dangerous condition that was created by the missing safety roller.
Price presented evidence indicating that Meadowcraft was responsible for the care and maintenance of the conveyor belt, including the safety roller. Price’s evidence indicated that Meadowcraft failed to properly maintain the conveyor belt and failed to warn the employees that the conveyor belt was missing a safety roller. Price presented substantial evidence creating disputed questions of fact regarding whether he was unaware of the dangerous defect with the conveyor belt and whether Meadowcraft had actual or constructive knowledge of the defect.
Although the existence of a duty is generally a question of law to be determined by the trial court, Garner v. Covington County, 624 So.2d 1346 (Ala.1993), “ ‘it is not error to submit the question to the jury if the factual basis for the question is in sufficient dispute: to allow the trial court to determine such questions would undermine the traditional fact-finding function of the jury.’ ” Jones v. Blount County, 681 So.2d 202, 205 (Ala.Civ.App.1995) (quoting Garner, supra, at 1350). If the facts upon which a duty depends are disputed, then “the factual dispute is for resolution by the jury.” Jones, 681 So.2d at 205.
*701 Viewing the evidence in a light most favorable to Price, we conclude that Price produced sufficient evidence of a conflict to warrant a jury’s consideration. Clearly, the parties presented conflicting evidence that warranted consideration by the jury; therefore, a judgment as a matter of law for Meadowcraft would have been improper.
Meadowcraft also contends that it was entitled to a judgment as a matter of law because, it claims, Price was con-tributorily negligent. The issue of contributory negligence, like the question of existence of a duty, is generally one for the jury to decide. Jones v. Blount County, 681 So.2d at 206.
“ ‘ “The question ... whether the plaintiff is guilty of contributory negligence as a matter of law [is] one for the court to decide ... only when the facts are such that all reasonable men must draw the same conclusion therefrom, and the question is for the jury when, under the facts and circumstances, reasonable minds may fairly differ upon the question of negligence
Id. (quoting Robertson v. Travelers Inn, 613 So.2d 376, 379 (Ala.1993)).
Price presented evidence indicating that his injury resulted from his leg’s being caught in between the two conveyor belts and indicating that this would not have occurred had there been a safety roller, as provided for by the manufacturer, between the two belts. Moreover, there was no testimony that Price “ran” while on the conveyor belt and whether Price “ran” while on the conveyor belt would be relevant only to the issue of contributory negligence. From the facts, viewed in a light most favorable to Price, reasonable minds may fairly differ upon the question of contributory negligence. Therefore, the issue of Price’s alleged contributory negligence was properly submitted to the jury, and the jury decided that issue. It is not our duty to retry the facts that have been decided by the jury.
In its brief to this court, Meadowcraft also claims that the trial court erred in denying its motion for summary judgment. However, because we have determined that the trial court properly denied Mead-owcraft’s motion for a judgment as a matter of law, we need not discuss Meadow-craft’s motion for summary judgment.
The judgment of the trial court is affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.
CRAWLEY and THOMPSON, JJ., dissent.