Gary Robert Hill, Jr., and his parents, Gary Robert Hill, Sr., and Paulette Hill, appeal from a partial summary judgment entered in favor of the defendants, Toyota Motor Corporation; Toyota Motor Sales, U.S.A., Inc.; Toyota Motor Distributors; Southeast Toyota Distributors; and Hoover Toyota, Inc. (hereinafter collectively referred to as "Toyota" or, when appropriate, by their individual corporate names), in a personal injury action. The judgment as to those defendants was made final pursuant to Rule 54(b), Ala.R.Civ.P.[1] The question presented is whether an affidavit filed by the Toyota defendants, in support of their motion for summary judgment, complied with Rule 56, Ala.R.Civ.P.
Gary Robert Hill, Jr., was injured on November 22, 1986, when the 1981 Toyota SR5 pickup truck that he was driving left the road and struck a guardrail in Sumter County, Alabama. He and his parents filed an action against Toyota, alleging liability under the Alabama Extended Manufacturer's Liability Doctrine, breach of implied and express warranties, and negligence and wantonness. The Hills included the Sumter County Commission as a defendant, alleging negligence and wantonness. Gary Robert Hill, Sr., and Paulette Hill claimed damages against Toyota and Sumter County for loss of services and companionship of their son, for medical expenses they had incurred and will incur for their son, and for emotional and mental distress.
Toyota filed a motion for summary judgment, wherein it alleged that the truck was not defective in design or manufacture. That motion was granted. The Hills filed a motion to alter, amend, or vacate the summary judgment pursuant to Rule 59(e), Ala.R.Civ.P. Their motion was denied, and they appeal.[2]
On a motion for summary judgment, the trial court is required to view the evidence, and all reasonable inferences available therefrom, in the light most favorable to the nonmoving party.Legg v. Kelly, 412 So.2d 1202 (Ala. 1982). When determining whether the trial court's ruling on the motion was proper, this Court must view the evidence in the same manner. *Page 21 Turner v. Systems Fuel, Inc., 475 So.2d 539 (Ala. 1985).
In discussing the burdens placed on the parties by Rule 56, this Court has stated:
 "The burden is on one moving for summary judgment to demonstrate that no genuine issue of material fact is left for consideration by the jury. The burden does not shift to the opposing party to establish a genuine issue of material fact until the moving party has made a prima facie showing that there is no such issue of material fact."
Schoen v. Gulledge, 481 So.2d 1094, 1096 (Ala. 1985).
The Hills argue that the affidavit of Toyota's expert witness, Michael E. Klima, submitted in support of Toyota's motion for summary judgment, did not satisfy the requirements of Rule 56(e) and did not demonstrate that there was no genuine issue of material fact left for the jury's consideration. That affidavit reads:
 "My name is Michael E. Klima and I am the Design Analysis Manager for Toyota Motor Sales, U.S.A., Inc. I hold a B.S.E. Degree with a major in mechanical engineering from Western Michigan University. I am a Registered professional Mechanical Engineer in the state of California — License Number M 025461. I have been employed by Toyota Motor Sales, U.S.A., Inc., since October 10, 1983. I am also very familiar with the design, production, assembly, and performance of the 1981 model Toyota SR5 Pickup Truck.
 "The subject vehicle involved in the case of Gary Robert Hill, Jr. v. Toyota Motor Sales, U.S.A., et al., Civil Action No. CV-88-53, pending in Circuit Court for Sumter County, Alabama, is a 1981 Toyota SR5 Pickup Truck bearing Vehicle Identification No. JT4RN34S1B0018404. At the time of this vehicle's manufacture, the vehicle was designed, manufactured, sold, and certified to meet all Federal Motor Vehicle Safety Standards applicable to this vehicle and did meet or exceed these safety standards.
 "Based upon my personal knowledge of the manufacture of the subject vehicle, this vehicle was properly designed [and] manufactured and was reasonably safe for its intended use at the time it left the hands of Toyota Motor Corporation."
The Hills contend that because Klima's affidavit was not based on personal knowledge of the truck involved in this case, but was instead based on generic conclusions pertaining to the 1981 Toyota SR5 pickup truck line, it did not comply with Rule 56(e) or establish that there was an absence of genuine issues of material fact. We agree.
The statements in Klima's affidavit concerned an entire product line, and did not address the Hills' specific allegations regarding the allegedly defective manufacture of the truck. Therefore, it did not rebut those allegations. Even accepting each of Klima's statements as true, they only establish that, as a general rule, 1981 Toyota SR5 pickup trucks were properly designed and manufactured. Those statements do not show that the truck in question was manufactured without any defects. Such a determination could be made only after examining that particular truck.
Viewing the evidence in the light most favorable to the Hills, as this Court must do, Turner, supra, we conclude that Klima's affidavit did not comply with the personal knowledge requirement of Rule 56(e) and did not establish that there were no genuine issues of material fact. Therefore, the burden never shifted to the Hills, and the entry of summary judgment was error. Berner v. Caldwell, 543 So.2d 686 (Ala. 1989); Schoen,supra.
For the reasons set out above, the judgment of the trial court is reversed, and the cause is remanded.
MOTION TO DISMISS APPEAL DENIED.
REVERSED AND REMANDED.
HORNSBY, C.J., and ADAMS, KENNEDY and INGRAM, JJ., concur.
[1] The Hills also named the Sumter County Commission as a defendant. The summary judgment did not relate to that defendant, and the case remains pending as to that defendant.
[2] Toyota has filed a motion asking this Court to dismiss the Hills' appeal as being untimely filed. Toyota contends that the Hills' post-judgment motion, although denominated a Rule 59(e) motion, was in fact a Rule 60(b) motion and did not toll the time for filing an appeal. However, the trial court treated the motion as one filed pursuant to Rule 59(e). We agree that the motion substantially complied with Rule 59(e), and we deny Toyota's motion to dismiss the appeal. *Page 22