Maudine Bulger was involved in an automobile accident with Monica Larue, who was insured by State Farm Automobile Insurance Company ("State Farm"). Soon thereafter, Bulger sued State Farm, alleging that, in its settlement negotiations with her, State Farm had committed fraud by failing to inform her that she could receive the costs of a rental car under Larue's liability policy.[1] The trial court entered a summary judgment in favor of State Farm. Bulger appeals.
The dispositive issue is whether State Farm owed Bulger a duty to inform her of rental car benefits she could have obtained under Larue's State Farm liability policy.
Shortly after the accident, a State Farm claims specialist, Barry Felker, met with Bulger, offering her a settlement for the value of her car. State Farm had determined Bulger's car to be a total loss because of damage from the accident. Bulger indicated to Felker *Page 426 
that she wanted to think about the offer before accepting it. In this conversation, Bulger did not ask Felker whether State Farm would pay for the costs of a rental car. Felker later telephoned Bulger to ask whether she had decided to accept State Farm's offer, but Bulger was still unsure. Again, Bulger did not ask Felker about the payment of rental car costs. Bulger's attorney then contacted Felker; the attorney refused another offer by State Farm, and this action followed.
Bulger, while admitting that she never inquired about payment for rental car costs, contends that State Farm had a duty to disclose the rental car benefits under Larue's liability policy.
Ordinarily, silence does not amount to fraud unless the silent party has a duty to disclose information. This Court has often ruled that there is no duty to disclose facts when information is not requested. King v. National Foundation LifeIns. Co., 541 So.2d 502 (Ala. 1989); Keeler v. Chastang,472 So.2d 1031 (Ala. 1985); Hardy v. Blue Cross Blue Shield ofAlabama, 585 So.2d 29 (Ala. 1991). However, a duty to disclose may arise from a confidential relationship between the parties or from particular circumstances that give rise to an obligation to communicate. Ala. Code 1975, § 6-5-102; McCauslandv. Tide-Mayflower Moving Storage, 499 So.2d 1378 (Ala. 1986); see also Wolff v. Allstate Life Ins. Co., 985 F.2d 1524 (11th Cir. 1993).
In this case, we find neither a confidential relationship nor the special circumstances that would be required to impose on State Farm a duty to divulge whether Bulger could receive rental car benefits under Larue's policy, without having first been requested to do so. State Farm was Larue's insurance carrier and, as such, was obligated only to the best interests of Larue. State Farm and Bulger were in the relationship of adversaries in this instance. In her negotiations with Felker, Bulger had opportunities to inquire as to whether she could receive rental car benefits, but she failed to do so. The record indicates that State Farm did nothing to mislead Bulger; it did not conceal from her any information that it was under an obligation to disclose. The trial court properly entered the summary judgment for State Farm on Bulger's fraud claims. That judgment is affirmed.
AFFIRMED.
ALMON, SHORES, HOUSTON and BUTTS, JJ., concur.
[1] Bulger also sued Monica Larue and her mother, Marilyn Larue, alleging claims of negligence, wantonness, and negligent entrustment; those claims are not at issue in this appeal.