[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1222 
Whataburger, Inc., appeals from the judgment entered on a jury verdict awarding Robert Rockwell, Jr., $50,000 as compensatory damages for injuries he received in a fight at a Whataburger restaurant.
The evidence adduced at trial tended to show the following. While making a trip to Florida in September 1994, Rockwell and his wife, Billie Jo, stopped at a Whataburger restaurant in Chickasaw to get some food to take with them. Rockwell went inside to order and then sat down at a booth to wait for his food. While he was waiting, Rockwell said, he looked around the restaurant and saw a group of three young men eating at another booth. One of the young men noticed Rockwell looking at them and yelled across the restaurant to Rockwell, asking if he had "a fucking problem." Rockwell said, "No, but apparently you do." The young men continued to verbally harass Rockwell until a confrontation developed, with each side threatening the other. The Whataburger manager, Violet Stringfellow, told the young men and Rockwell that if they were going to fight, they needed to "take it outside." The point at which she told them to go outside was disputed at trial.
Rockwell said that before he went outside, he asked Stringfellow several times to telephone the police. The point at which Stringfellow summoned the police is also in dispute. Once Rockwell and the three young men were outside, a fight broke out. During the course of the fight, Rockwell was hit in the head with a brick and sustained serious injuries.
In his complaint, Rockwell alleged that his injuries were proximately caused by negligence on the part of Whataburger in failing to timely respond to his request for police protection. Whataburger contends that it owed no duty to protect Rockwell from the criminal acts of a third party; therefore, it argues, the trial court should have granted its motion for a summary judgment and its subsequent motion for a directed verdict.
An appellate court reviews a motion for a directed verdict by the same standard the trial court uses in determining whether to grant or to deny the motion. " '[W]hen reviewing the trial court's ruling on the motion [for a directed verdict], we determine whether there was sufficient evidence to produce a conflict warranting jury consideration. And, like the trial court, we must view any evidence most favorably to the nonmovant.' " Triple J Cattle, Inc. v. Chambers,621 So.2d 1221, 1224 (Ala. 1993), quoting Ogle v. Long, 551 So.2d 914,915 (Ala. 1989); Bussey v. John Deere Co., 531 So.2d 860, 863
(Ala. 1988).
If this were a case in which Rockwell sought to hold Whataburger liable merely because the fight occurred on its premises, *Page 1223 
we would agree with Whataburger's contention that it owed no duty to protect Rockwell from the criminal acts of a third party. However, Whataburger's argument fails to take into account the issue actually raised by Rockwell, that is, whether Whataburger's action — or inaction — led to his injuries. In other words, the issue is not whether Whataburger owed a duty to Rockwell to protect him from the criminal acts of the three young men, but whether Whataburger itself negligently put Rockwell in harm's way.
As in all negligence cases, the plaintiff has the burden of proving (1) that the defendant owed him or her a duty of care, (2) that the defendant breached that duty, and (3) that the plaintiff was injured as a result of the breach. Morris v.Merritt Oil Co., 686 So.2d 1139 (Ala. 1996). " 'The ultimate test of the existence of a duty to use due care is found in the foreseeability that harm may result if care is not exercised.' " Id., quoting Ledbetter v. United American Insurance Co.,624 So.2d 1371, 1373 (Ala. 1993).
The Alabama Supreme Court has discussed a merchant's duty of care in a situation like the one in the present case:
 " 'In our opinion it is a mistake to equate the duty of shopkeepers with respect to criminal acts with the duty of shopkeepers with respect to careless acts. . . .
" '. . . .
 " 'In our opinion the appropriate rule applicable to this case is as follows: There is no duty upon the owners or operators of a shopping center, individually or collectively, or upon merchants and shopkeepers generally, whose mode of operation of their premises does not attract or provide a climate for crime, to guard against the criminal acts of a third party, unless they know or have reason to know that acts are occurring or [are] about to occur on the premises that pose imminent probability of harm to an invitee, whereupon a duty of reasonable care to protect against such act arises.' "
Latham v. Aronov Realty Co., 435 So.2d 209, 213 (Ala. 1983) (emphasis in original); quoting Cornpropst v. Sloan,528 S.W.2d 188, 197-98 (Tenn. 1975), overruled by McClung v. Delta SquareLtd. Partnership, 937 S.W.2d 891 (Tenn. 1996).[1]
Although the existence of a duty is generally a question of law to be determined by the trial court, Garner v. CovingtonCounty, 624 So.2d 1346 (Ala. 1993), " 'it is not error to submit the question to the jury if the factual basis for the question is in sufficient dispute: to allow the trial court to determine such questions would undermine the traditional fact-finding function of the jury.' " Jones v. Blount County,681 So.2d 202, 205 (Ala.Civ.App. 1995), writ quashed,681 So.2d 207 (Ala. 1996), quoting Garner, supra, at 1350. If the facts upon which a duty depends are disputed, then "the factual dispute is for resolution by the jury." Jones,681 So.2d at 205.
Rockwell presented evidence that the manager of Whataburger should have known a fight was about to break out, but rather than call the police, as required by the company's policy, told the four to "take it outside." There also was evidence that Rockwell asked the manager several times to call the police, but that she did not make the call until the group was outside and Rockwell was in imminent danger of being hurt. Exactly when Stringfellow called the police is in dispute, and the jury heard conflicting evidence as to when she made the telephone call *Page 1224 
to the police. Thus, whether the manager did in fact know that a fight was about to break out and that Rockwell was in imminent harm is a question of fact to be determined by a jury. Likewise, whether Whataburger owed a duty to Rockwell to protect him from harm is dependent upon the jury's answers to that question.
Clearly the parties presented conflicting evidence that warranted consideration by the jury; therefore, either a summary judgment or a directed verdict for the defendant would have been improper. The trial court properly denied Whataburger's motion for a summary judgment and its motion for a directed verdict.
Whataburger also contends that, even if a duty existed, it was entitled to a directed verdict because, it argues, Rockwell did not present substantial evidence of negligence, and did not prove that any alleged negligence on Whataburger's part was the proximate cause of Rockwell's injury. We note that the issues of negligence and proximate cause are normally questions of fact to be determined by a jury. Sparks v. Alabama Power Co.,679 So.2d 678 (Ala. 1996); Dale v. Kelly, 620 So.2d 632 (Ala. 1993); Sungas, Inc. v. Perry, 450 So.2d 1085 (Ala. 1984).
From the evidence presented, the jury reasonably could have found that a fight between Rockwell and the three young men was foreseeable. The jury could have determined that the manager should have known a fight was about to break out; that she knew the restaurant's policy was to telephone the police in such a situation; and that she did not call the police in a timely manner, but instead sent Rockwell outside to fend for himself.
Based on these findings, the jury reasonably could have determined that the conduct of the three young men would result in harm to Rockwell. From that determination, the jury then could determine that the manager was negligent in failing to call the police immediately and that her negligence was the proximate cause of Rockwell's injuries. The issues of negligence and proximate cause were properly submitted to the jury, and the trial court correctly denied the motion for a directed verdict.
Whataburger also argues that it was entitled to a directed verdict on the basis that Rockwell was contributorily negligent as a matter of law. Once again, the issue of contributory negligence is generally one for the jury to decide. Jones v.Blount County, 681 So.2d at 206.
 " 'The question of whether the plaintiff is guilty of contributory negligence as a matter of law, and therefore one for the court to decide, arises only when the facts are such that all reasonable men must draw the same conclusion therefrom, and the question is for the jury when, under the facts and circumstances, reasonable minds may fairly differ upon the question of negligence.' "
Id. quoting Robertson v. Travelers Inn, 613 So.2d 376, 379
(Ala. 1993).
Based on the evidence, as discussed above, we believe that reasonable minds may differ on whether Rockwell was contributorily negligent. Therefore, the issue of contributory negligence was properly submitted to the jury, and the trial court did not err in denying Whataburger's motion for a directed verdict based on contributory negligence.
As to issues of negligence, proximate cause, and contributory negligence, we note that jury verdicts are presumed to be correct. Eubanks v. Hall, 628 So.2d 773 (Ala.Civ.App. 1993). An appellate court "will not reverse a judgment based on a jury verdict unless, after allowing all reasonable presumptions of correctness, [it concludes that] the preponderance of the evidence [is so decidedly] against the verdict . . . as to clearly convince [the appellate court] that [the verdict] is wrong." Delchamps, Inc. v. Larry, 613 So.2d 1235 (Ala. 1992). Based on the evidence presented, we cannot say that the jury's verdict is against the preponderance of the evidence or that the verdict is otherwise wrong.
The judgment of the trial court is affirmed.
AFFIRMED.
YATES, J., concurs. *Page 1225 
ROBERTSON, P.J., concurs specially.
CRAWLEY and THOMPSON, JJ., dissent.
[1] The Tennessee Supreme Court overruled that portion of itsCornpropst opinion holding that conditions in the area of the defendant's business are irrelevant in determining whether the business had reason to foresee harm to its customers. McClungv. Delta Square Ltd. Partnership, 937 S.W.2d 891 (Tenn. 1996). The Tennessee court has now adopted a broader rule of liability than it stated in Cornpropst. In McClung, in addition to imposing liability in those cases in which businesses know or should know that their customers face an imminent probability of harm from the criminal acts of third parties, the court held that "[c]onditions other than those which pose an imminent threat to persons on the premises are relevant to the foreseeability of harm." Id. at 899. Therefore, the court said, the number, nature, and frequency of crimes committed on or near a business's premises should be considered in determining the foreseeability of harm and determining whether liability should be imposed on the business for the criminal acts of a third party. Id.