On March 29, 1994, Robert Randolph Parker (hereinafter referred to as "the driver") *Page 504 
was driving an automobile that rear-ended an automobile driven by Rebecca L. Lewis. As a result of the accident, Lewis sustained a herniated disc. On July 1, 1994, Lewis settled her claim for $25,000, which was the limit of the automobile insurance policy covering the automobile driven by the driver.
Thereafter, Lewis filed a complaint against State Farm Mutual Automobile Insurance Company; Clay Price, a claims superintendent with State Farm; the driver; the driver's mother, Sandra Parker; and various fictitious defendants. Lewis alleged claims of negligence or wantonness against the driver, negligent entrustment against Sandra Parker, and fraudulent misrepresentation against both State Farm and Price.
The Parkers, State Farm, and Price filed summary judgment motions, narrative statements of facts, and supporting documents. Lewis filed an opposition to the motions and an affidavit. State Farm and Price filed a motion to strike Lewis's affidavit, alleging that her affidavit contradicted her deposition testimony and was untimely. Following a hearing, the trial court entered a judgment, granting State Farm and Price's motion to strike and the summary judgment motions.
Lewis appeals only from the summary judgment entered in favor of State Farm. She contends that there exists a genuine issue of a material fact and that the trial court erred in entering a summary judgment in favor of State Farm. This case is before this court pursuant to § 12-2-7(6), Ala. Code 1975.
A motion for a summary judgment may be granted when no genuine issue of a material fact exists and the moving party is entitled to a judgment as a matter of law. Hand v. GreenspringsStorage, 678 So.2d 1187 (Ala.Civ.App. 1996). If the moving party makes a prima facie showing that no genuine issue of a material fact exists and that it is entitled to a judgment as a matter of law, the burden shifts to the nonmovant to present substantial evidence demonstrating the existence of a genuine issue of a material fact. Id.
"The elements of a claim for fraudulent misrepresentation are (1) a misrepresentation of a material fact (2) made either innocently or willfully to deceive, or recklessly without knowledge, (3) which under the circumstances was justifiably relied upon by the plaintiff and (4) which caused injury as a proximate consequence." Applin v. Consumers Life Ins. Co. ofNorth Carolina, 623 So.2d 1094, 1097-98 (Ala. 1993), overruledon other grounds, Boswell v. Liberty Nat'l Life Ins. Co.,643 So.2d 580 (Ala. 1994).
The facts are undisputed. Lewis suffered a herniated disc as a result of the March 29, 1994, automobile accident. Sandra Parker owned the automobile that the driver was driving on March 29, 1994. Sandra Parker had automobile insurance with State Farm, which had a policy limit of $25,000 for bodily injury and $25,000 for property damage.
On July 1, 1994, Price, a State Farm claims superintendent, met with Lewis at her apartment. He informed Lewis that the driver had a $25,000 policy limit and that if she did not accept the policy limits, she would have to sue the driver and his parents. Lewis testified by deposition that Price said she "would probably get only a judgment against [the driver] because he may not have anything." She also stated that Price also told her that it was the driver's car and his liability. Lewis accepted the $25,000 and signed a release, releasing and discharging the driver, Sandra Parker, and State Farm from all liability.
Lewis argues that Price's statement, that the driver owned the car and that it was his liability, was false and that Price failed to tell her of a negligent entrustment theory of liability against Sandra Parker. However, Price told Lewis that she could accept the policy limits or she could sue the driver and his parents. "Ordinarily, silence does not amount to fraud unless the silent party has a duty to disclose information."Bulger v. State Farm Mut. Auto. Ins. Co., 658 So.2d 425, 426
(Ala. 1995). "[A] duty to disclose may arise from a confidential relationship between the parties or from particular circumstances that give rise to an obligation to communicate." Bulger, 658 So.2d at 426.
After carefully reviewing the record, we conclude that there was not a confidential *Page 505 
relationship between State Farm and Lewis. "State Farm was [Sandra Parker's] insurance carrier and, as such, was obligated only to the best interests of [the Parkers]." Bulger, 658 So.2d at 426.
Although Price told Lewis that it was the driver's car and his liability, Price informed Lewis of her options — accept the policy limits or sue the driver and his parents. Lewis voluntarily chose to accept the settlement and signed a release, releasing State Farm, Sandra Parker, and the driver from any further liability. Lewis stated that she read the release before signing it.
Based upon our review of the record, we conclude that Lewis failed to present substantial evidence establishing the four required elements of fraudulent misrepresentation.
The judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala. Code 1975.
AFFIRMED.
All the judges concur.