The plaintiff, Stephanie Rutledge, filed an action in the Circuit Court of Jefferson County, Alabama, against four named defendants: (1) Woodmere Creek Apartments, (2) Jackson Management Group, Inc., (3) Arrow Aluminum Industries, Inc., and (4) Foshee Builders, Inc. Arrow Aluminum and Foshee Builders were charged with negligence/wantonness, breach of warranty, and violation of the Alabama Extended Manufacturer's Liability Doctrine (AEMLD). The trial court entered a summary judgment in favor of Woodmere Creek Apartments and Jackson Management Group. Rutledge has not appealed from that judgment.
Arrow Aluminum and Foshee Builders filed summary judgment motions; Rutledge responded. After hearing arguments and receiving the parties' briefs, the trial court entered a summary judgment in favor of Arrow Aluminum and Foshee Builders on February 19, 1998. Rutledge appealed. This case is before this court pursuant to § 12-2-7(6), Ala. Code 1975.
In entering his judgment, the judge stated, "there are no `special circumstances' or `special relationships' present in this case, and the injuries alleged were caused by a criminal act."
It is evident, and the parties clearly understand and agree in their briefs, that the judgment of the trial court is premised upon the "general rule" that one has "no duty to protect another from the criminal acts of a third party." Moye v. A.G. Gaston Motels, Inc., 499 So.2d 1368, 1370 (Ala. 1986). See also Finley v.Patterson, 705 So.2d 826 (Ala. 1997); Baptist Memorial Hosp.,686 So.2d 1147 (Ala. 1996); Broadus v. Chevron USA, Inc.,677 So.2d 199 (Ala. 1996); E.H. v. Overlook Mountain Lodge, 638 So.2d 781
(Ala. 1994); Dailey v. Housing Authority for the BirminghamDistrict, 639 So.2d 1343 (Ala. 1994); Saccuzzo v. Krystal Co.,646 So.2d 595 (Ala. 1994); Whataburger, Inc. v. Rockwell,706 So.2d 1220 (Ala.Civ.App. 1997).
There is no transcript in this case. It is a summary judgment case, and for purposes of this appeal, there are no facts in dispute. It is primarily presented that under the allegations of the complaint, there is no duty owed to, or charged against, these defendants.
The undisputed facts are as follows: At approximately 5 a.m. on September 6, 1993, Rutledge, who was a resident of Woodmere Creek Apartments, was attacked in her bed in her apartment and raped by an unidentified person. She had locked the sliding glass door leading from the outside into her apartment.
The attacker entered the apartment through the sliding glass door, without *Page 415 
breaking the glass or the door. Rutledge claims physical and psychological injury from the attack.
Arrow Aluminum designed and manufactured the door. Foshee Builders constructed the apartments and procured the door, and a subcontractor installed the door.
A summary judgment motion may be granted when no genuine issue of a material fact exists and the moving party is entitled to a judgment as a matter of law. Lewis v. State Farm Mut. Auto. Ins.Co., 705 So.2d 503 (Ala.Civ.App. 1997). Both the trial court and this court are required to view the evidence, and all reasonable inferences therefrom, in a light most favorable to the nonmovant. Hill v. Toyota Motor Corp., 585 So.2d 19 (Ala. 1991). The burden is upon the moving party to demonstrate that there is no genuine issue of material fact left for a jury's consideration.Id. If the moving party makes a prima facie showing that no genuine issue of a material fact exists and that it is entitled to a judgment as a matter of law, the burden shifts to the nonmovant to present substantial evidence demonstrating the existence of a genuine issue of a material fact. Lewis.
"[A]bsent special relationships or circumstances, a person has no duty to protect another from criminal acts of a third person."Moye, 499 So.2d at 1370. See also Ex parte McRae's of Alabama,Inc., 730 So.2d 351 (Ala. 1997); Young v. Huntsville Hospital,595 So.2d 1386 (Ala. 1992). This rule is most commonly applied in cases wherein a tenant, business invitee, or employee seeks to impose liability on a premises owner or employer for injuries resulting from the criminal acts of a third party committed on the owner's or employer's premises. Patrick v. Union State Bank,681 So.2d 1364 (Ala. 1996).
Citing Patrick, Rutledge contends that the general rule — no duty to protect another from the criminal acts of a third party — does not apply to her AEMLD and breach of warranty claims against Arrow Aluminum and Foshee Builders.
Our supreme court has held that, to establish liability under the AEMLD, the plaintiff must prove:
 "(1) he suffered injury or damage to himself or his property by one who sells a product in a defective condition unreasonably dangerous to the plaintiff as the ultimate user or consumer, if
 "(a) the seller engaged in the business of selling such a product, and
 "(b) it is expected to and does reach the user or consumer without substantial change in condition in which it is sold."
Casrell v. Altec Industries, Inc., 335 So.2d 128, 132-33
(Ala. 1976). Neither Arrow Aluminum nor Foshee Builders disputed Rutledge's contention that the sliding glass door at issue is a "product" within the meaning of the AEMLD. Graham v.Sprout-Waldron Co., 657 So.2d 868 (Ala. 1995).
Our supreme court has held as follows:
 "The manufacturer of a product is not required to produce the safest possible product, but only to produce a product that is reasonably safe when put to its intended use. . . . Whether a product is defective or unreasonably dangerous depends upon whether the product meets the reasonable expectations of the ultimate consumer. . . ."
Graham, 657 So.2d at 870 (citations omitted). Pursuant to § 7-2-315, Ala. Code 1975, where the seller has reason to know of a particular purpose for which a good is required, there is an implied warranty of fitness that a good sold is fit for its intended purpose.
In Patrick, Ms. Patrick sued Union State Bank, alleging that the bank negligently allowed an imposter to open a checking account in her name. The imposter wrote several worthless checks on the account, resulting in Ms. Patrick's arrest and incarceration. The issues were *Page 416 
whether the bank owed Ms. Patrick a duty and whether Ms. Patrick met the evidentiary burden on the question of proximate cause. The bank argued that the general rule — no liability for the criminal acts of a third person — applied, although Ms. Patrick was not criminally assaulted. The supreme court stated that "the bank, through its negligence or wantonness, actually facilitated the crime." Patrick, 681 So.2d at 1368. The court stated as follows:
 "Thus, we are persuaded that the categorization of the duty question as whether the defendant owes a duty to protect the plaintiff from the criminal acts of a third party is not accurate on the facts of this case. Although the general rule is often stated broadly, review of its application in our cases reveals that it is not controlling on the facts of this case. The basis of the rule, however, is applicable in the analysis of proximate cause, as discussed below.
 "Thus, the question whether the bank owed Ms. Patrick a duty to exercise due care in opening checking accounts should be analyzed according to traditional principles. Whether a legal duty exists is a question of law. Albert v. Hsu, 602 So.2d 895
(Ala. 1992) (citing Rose v. Miller Co., 432 So.2d 1237 (Ala. 1983))."
Patrick, 681 So.2d at 1368.
Pursuant to the AEMLD and the implied warranty of fitness, Arrow Aluminum was required to produce a sliding glass door and lock reasonably safe for its intended purpose. § 7-2-315; Graham,supra. It is undisputed that Arrow Aluminum is a manufacturer or seller under the AEMLD or under § 7-2-103, Ala. Code 1975. As inPatrick, the question — whether the defendant owed the plaintiff a duty to protect her from criminal acts — is not an accurate question with regard to an AEMLD claim or a breach of an implied warranty of fitness. The duty at issue in this case is Arrow Aluminum's duty to produce a reasonably safe product, which is specific and bears no relationship to the general rule. See Graham, supra. For this court to apply the general rule — no duty to protect another from the criminal acts of a third party — to Rutledge's AEMLD and her breach of an implied warranty of fitness claims would effectively negate Arrow Aluminum's legal duty to produce a product reasonably safe for its intended purpose. This we will not do. However, the general rule is applicable to the question of proximate cause.Patrick.
In her complaint Rutledge asserted that the sliding glass door was defective. The burden then shifted to Arrow Aluminum and Foshee Builders to present substantial evidence that the sliding glass door was not defective. Hill, supra. In support of its summary judgment motion, Arrow Aluminum submitted the affidavit of Bill N. Blackwell, its chief executive officer, who stated that he had seen photographs of the sliding glass door in question and that he inspected a sliding glass door, which, he was told, was the door in question. He stated that the door met, or exceeded, all applicable industry standards, and that Rutledge's allegations — that the sliding door was defective or unreasonably dangerous — were "totally without merit and . . . untrue." Blackwell also stated that he was unable to open the sliding glass door by pulling up on the door and then sliding it back when the door was locked. Rutledge contends that Blackwell's affidavit is insufficient because, she says, it is not based on personal knowledge and fails to comply with Rule 56(e), Ala. R. Civ. P.
It is unclear from Blackwell's affidavit that he actually saw and/or tested the sliding glass door that was in Rutledge's apartment in 1993, or that it was in the same condition that it had been in 1993. Moreover, Blackwell, in stating that when the door was locked, he could not open it by pulling up on the door and sliding it back, failed to explain what he meant by "locked." In this case, "locked" could be either when the first mechanism was in the "locked" position and the second mechanism was in the "off" position, or when the *Page 417 
first mechanism was in the "locked" position and the second mechanism was in the "on" position. Even accepting Blackwell's statements as true, Blackwell does not rebut Rutledge's assertion that the sliding glass door could be opened from the outside when the first mechanism was in the "locked" position and the second mechanism was in the "off" position.
Viewing the evidence in a light most favorable to Rutledge, we conclude that Blackwell's affidavit did not comply with the personal knowledge requirements of Rule 56(e) and did not establish that there were no genuine issues of material fact left for a jury's consideration. Whether Blackwell or other witnesses could convince a jury at trial is immaterial to the issue of summary judgment.
With regard to Rutledge's AEMLD and breach of implied warranty of fitness claims against Foshee Builders, it is undisputed that Foshee Builders bought the sliding glass door and that a subcontractor installed the door. Rutledge failed to present any evidence that Foshee Builders is in the business of selling sliding glass doors. Therefore, we conclude that Foshee is not a seller within the meaning of the AEMLD or § 7-2-103 and that the trial court properly entered a summary judgment in favor of Foshee Builders on Rutledge's AEMLD and breach of implied warranty of fitness claims.
Rutledge also asserted negligent or wanton failure to warn claims against Arrow Aluminum and Foshee Builders.
The elements of negligence are a duty owed, a breach of that duty, which proximately causes injury or damage. Deere Co. v.Grose, 586 So.2d 196 (Ala. 1991). "A negligent — or wanton — failure-to-warn claim cannot be submitted to a jury unless there is substantial evidence that the [alleged] inadequate warning would have been read and heeded and that it would have prevented the accident." Sears, Roebuck Co. v.Harris, 630 So.2d 1018, 1030 (Ala. 1993).
Rutledge alleged in her complaint that she did not receive any instructions regarding the sliding glass door or its locking mechanisms. She also asserted in her complaint that Arrow Aluminum should have put a warning on the sliding glass door regarding the locking mechanism. The record is devoid of any evidence that any warnings were supplied with the sliding glass door. Rutledge stated that she read Woodmere Creek's brochure about the apartments, asked questions about the sliding glass door, and tried the lock on the sliding glass door before her roommate signed the lease on the apartment.
After reviewing the record in a light most favorable to Rutledge and making all reasonable inferences in her favor, we conclude that Rutledge presented sufficient evidence that she would have read a warning or warning label had Arrow Aluminum provided such.
Accordingly, we conclude that the trial court properly entered a summary judgment in favor of Foshee Builders but erred in entering a summary judgment in favor of Arrow Aluminum.
We affirm the summary judgment in favor of Foshee Builders. We reverse the summary judgment in favor of Arrow Aluminum and remand this case for further proceedings.
The foregoing opinion was prepared by Retired Appellate Judge L. Charles Wright while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala. Code 1975.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
ROBERTSON, P.J., and YATES and MONROE, JJ., concur.
CRAWLEY and THOMPSON, JJ., concur in the result. *Page 418