WRIGHT, Retired Appellate Judge.
The University of South Alabama, d/b/a the University of South Alabama Medical Center (USA Medical Center), appeals a judgment that invalidated a statutory hospital lien.
On April 11, 1996, after sustaining injuries in an automobile accident, Angela Garrick was transported to USA Medical Center. Garrick was treated for a back injury, metal rods were inserted into her back, and she was released on May 1, 1996. The Alabama Medicaid Agency paid the charges incurred for Garrick’s treatment. On May 13, 1996, Garrick was again hospitalized. She underwent a second operation on her back and was discharged on May 20, 1996. Garrick incurred approximately $33,857.75 in medical bills during her second stay at USA Medical Center; however, those bills were not paid by Medicaid. On May 28, 1996, USA Medical Center, pursuant to § 35-11-370, Ala.Code 1975, filed a hospital lien for the charges incurred during Garrick’s second hospitalization.
On October 15, 1996, Garrick filed a complaint in the Mobile County Circuit Court for interpleader and for declaratory relief, interpleading $55,000 that she received as a settlement of her claim arising out of the April 1996 accident. Garrick requested that the trial court declare USA Medical Center’s statutory hospital lien invalid and unenforceable. USA Medical Center answered and counterclaimed, asserting that Garrick owed $36,935.00 on an open account, on an account stated, or on a promissory note.
Garrick filed a motion for a summary judgment, with an affidavit and supporting documents, asserting that the statutory hospital lien was invalid. USA Medical *239 Center filed a motion to strike Garrick’s affidavit. Thereafter, USA Medical Center filed a motion to have its request for admissions deemed admitted, which the trial court granted. USA Medical Center also filed a summary judgment motion, seeking a summary judgment on its counterclaim. Garrick filed an answer to USA Medical Center’s counterclaim.
Upon the parties’ stipulation, the trial court entered an order, releasing $22,916 to Garrick’s attorney as an attorney fee and expenses. Following arguments of counsel, the trial court granted Garrick’s summary judgment motion, declaring USA Medical Center’s statutory hospital lien invalid and unenforceable because, the court found, the lien was defective “with respect to the time within which a patient must have been admitted to, or treated by, the hospital following injuries.” The court directed the circuit clerk to disburse the remaining funds to Garrick and her attorney. In a separate order, the trial court denied USA Medical Center’s summary judgment motion. Thereafter, USA Medical Center filed a motion, which the trial court granted, to stay the disbursement of the remaining funds. USA Medical Center also filed a motion to make the summary judgment final and appealable pursuant to Rule 54(b), Ala. R. Civ. P. The trial court granted USA Medical Center’s motion and entered the appropriate order.
USA Medical Center appeals, contending that the trial court erred in denying its motion to strike Garrick’s affidavit, in holding that its statutory hospital lien was invalid and unenforceable, and in denying its summary judgment motion on its counterclaim. This case is before this court pursuant to § 12-2-7(6), Ala.Code 1975.
With regard to USA Medical Center’s first and third issues, the trial court finalized only its order granting Garrick’s summary judgment motion; therefore, the trial court’s denials of USA Medical Center’s motion to strike and of its summary judgment motion were non-final orders. Therefore, we lack jurisdiction to decide those issues. See Car Center, Inc. v. Home Indemnity Co., 519 So.2d 1319 (Ala.1988).
USA Medical Center contends that there is a question of fact as to whether Garrick’s second hospitalization was necessitated by the injuries she received in the April 1996 automobile accident and that, therefore, the trial court erred in granting Garrick’s summary judgment motion.
A motion for a summary judgment may be granted when no genuine issue of a material fact exists and the moving party is entitled to a judgment as a matter of law. Lewis v. State Farm Mut. Auto. Ins. Co., 705 So.2d 503 (Ala.Civ.App.1997). If the moving party makes a prima facie showing that no genuine issue of a material fact exists and that it is entitled to a judgment as a matter of law, the burden shifts to the nonmovant to present substantial evidence demonstrating the existence of a genuine issue of a material fact. Id.
Section 35-11-370, Ala.Code 1975, provides as follows:
“Any person, firm, hospital authority or corporation operating a hospital in this state shall have a lien for all reasonable charges for hospital care, treatment and maintenance of an injured person who entered such hospital within one week after receiving such injuries, upon any and all actions, claims, counterclaims and demands accruing to the person to whom such care, treatment or maintenance was furnished, or accruing to the legal representative of such person, and upon all judgments, settlements and settlement agreements entered into by virtue thereof on account of injuries giving rise to such actions, claims, counterclaims, demands, judgments, settlements or settlement agreements and which necessitated such hospital care, subject however, to any attorney’s lien.”
Our supreme court has held:
“The cardinal rule of statutory interpretation is to determine and give effect *240 to the intent of the legislature as manifested in the language of the statute. Gholston v. State, 620 So.2d 719 (Ala.1993). Absent a clearly expressed legislative intent to the contrary, the language of the statute is conclusive. Words must be given their natural, ordinary, commonly understood meaning, and where plain language is used, the court is bound to interpret that language to mean exactly what it says. IMED Corp. v. Systems Engineering Associates Corp., 602 So.2d 344 (Ala.1992).”
Ex parte State Dep’t of Revenue, 683 So.2d 980, 983 (Ala.1996). The language of § 35-11-370 is plain and unambiguous; a hospital is granted a statutory lien if the injured person enters the hospital within one week following the accident. Garrick’s second hospitalization was on May 13, 1996, more than one week after her April 11, 1996, accident. Therefore, we conclude that USA Medical Center was not entitled to a statutory lien for the medical charges incurred as a result of Garrick’s second hospitalization.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. Charles Wright while serving on active duty status as a judge of this court under the provisions of § 12 — 18—10(e), Ala.Code 1975.
AFFIRMED.
ROBERTSON, P.J., and YATES and MONROE, JJ., concur.
CRAWLEY and THOMPSON, JJ., dissent.