CRAWLEY, Judge,
concurring in the result.
Although I concur in the affirmance of the summary judgment in favor of Mini Mart, I write separately to reiterate my belief that this court’s affirmance in Whataburger, Inc. v. Rockwell, 706 So.2d 1220 (Ala.Civ.App.), cert. denied, 706 So.2d 1230 (Ala.1997), was based on an incorrect interpretation of the law of premises liability. In Whataburger, a majority of this court affirmed a judgment based on a jury verdict in favor of Robert Rockwell, who was injured in an altercation at a Whataburger restaurant. See Whataburger, 706 So.2d at 1223-24. Rockwell had exchanged heated words with three young men inside the restaurant. See id. at 1222. When the manager became aware of the situation, she asked that the men “take it outside.” See id. The manager telephoned the police at some point during the incident; however, exactly when the call was made was disputed. See id. After the men went outside, the heated verbal exchange erupted into a physical altercation; Rockwell was injured when one of the three young men hit him in the head with a brick. See id.
The majority concluded that, from the evidence presented at trial, a jury could have found that the manager “should have known that a fight was about to break out, but rather than call the police, as required by the company’s policy, told the four to ‘take it outside.’” The majority stated, “Thus, whether the manager did in fact know that a fight was about to break out and that Rockwell was in imminent harm is a question of fact to be determined by a jury.” See id. at 1223-24. I disagreed, explaining that the court had used a subjective standard rather than the appropriate objective standard to evaluate the premises owner’s liability. See id. at 1227.
I cautioned in my dissent in Whatabur-ger that the majority’s approach in that case would lead to the improper result of making a premises owner an insurer of its patrons’ safety at the first sign of a problem on the premises. See id. at 1228. The argument advanced by Johnson in this case is that the premises owner should be liable for her injuries because its employee noticed a suspicious-acting individual in the store and yet did nothing to protect her from his assault. See 744 So.2d at 925. Johnson’s argument is properly rejected by the court; however, it is but one step away from the result reached in Wha-taburger. Johnson’s argument illustrates the problems inherent in the majority’s fallacious reasoning in Whataburger.
THOMPSON, J., concurs.