We issued the writ of certiorari to review an issue of first impression, the interpretation *Page 242 
of Alabama's hospital-lien statute, § 35-11-370, Ala. Code 1975. Specifically, the question is whether § 35-11-370
grants a hospital a lien for charges for subsequent care and treatment of an injured person who had previously entered the hospital within one week after receiving an injury, if the subsequent care and treatment are related to that injury.
 I.
On April 11, 1996, Angela Garrick was injured in an automobile accident. She was taken to the University of South Alabama Medical Center ("USA Medical Center"), operated by the University of South Alabama. Doctors there treated her for injuries sustained in the accident. Garrick was released from the hospital on May 1, 1996. USA Medical Center claims that Garrick incurred approximately $50,035.25 in medical charges as a result of that first admission. The Alabama Medicaid Agency paid almost half those charges.[1]
On May 13, 1996, Garrick was readmitted to USA Medical Center.[2] She was discharged on May 20. USA Medical Center claims that Garrick incurred $33,857.75 in medical charges during that second admission. The Alabama Medicaid Agency paid none of these charges.
Garrick received a financial settlement based on the injuries she had suffered in the accident. Pursuant to Ala. Code 1975, §35-11-371, USA Medical Center filed two hospital liens against that settlement — one lien for the charges resulting from her first hospital admission and the other lien for the charges resulting from her second admission.[3] Garrick filed a complaint for declaratory relief against USA Medical Center, paying in the $55,000 she had received in the settlement of her automobile-accident claim, and requesting that the trial court declare USA Medical Center's "lien" invalid, but not indicating which lien she contended was invalid and unenforceable. USA Medical Center counterclaimed, alleging that Garrick owed a total of $36,935 for medical services it had provided her.[4]
Garrick and USA Medical Center each moved for a summary judgment. The trial court granted Garrick's motion, declaring that "the proposed lien [was] defective in that it violates the requirements of [Ala. Code 1975,] § 35-11-370, with respect to the time within which a patient must have been admitted to, or treated by, the hospital following injuries,"[5] and it denied USA Medical Center's motion. The trial court *Page 243 
made Garrick's summary judgment final, pursuant to Rule 54(b), Ala.R.Civ.P.
The Court of Civil Appeals affirmed the trial court's judgment, concluding that the language of § 35-11-370 clearly and unambiguously states that a hospital is granted a lien only in cases where the injured party enters a hospital within one week following the accident giving rise to the injury. See Universityof South Alabama v. Garrick, 761 So.2d 237 (Ala.Civ.App. 1998).[6]
Thus, the Court of Civil Appeals held, USA Medical Center "was not entitled to a statutory lien for the medical charges incurred as a result of Garrick's second hospitalization," because that hospitalization occurred more than one week after the accident that had caused her injuries. 761 So.2d at 240.
 II.
Ala. Code 1975, § 35-11-370, provides in pertinent part:
 "Any person, firm, hospital authority or corporation operating a hospital in this state shall have a lien for all reasonable charges for hospital care, treatment and maintenance of an injured person who entered such hospital within one week after receiving such injuries, upon any and all actions, claims, counterclaims and demands accruing to the person to whom such care, treatment or maintenance was furnished, or accruing to the legal representatives of such person, and upon all judgments, settlements and settlement agreements entered into by virtue thereof on account of injuries giving rise to such actions, claims, counterclaims, demands, judgments, settlements or settlement agreements and which necessitated such hospital care, subject, however, to any attorney's lien."
(Emphasis added.)
USA Medical Center argues that the Court of Civil Appeals' interpretation of § 35-11-370 is contrary to both the plain language of the statute and the intent of the Legislature in passing it. Garrick argues that the language of the statute is plain, obvious, and unambiguous, and, therefore, that there is no room for construction.
Both Garrick and USA Medical Center note this principle:
 "The cardinal rule of statutory interpretation is to determine and give effect to the intent of the legislature as manifested in the language of the statute. Gholston v. State, 620 So.2d 719
(Ala. 1993). Absent a clearly expressed legislative intent to the contrary, the language of the statute is conclusive. Words must be given their natural, ordinary, commonly understood meaning, and where plain language is used, the court is bound to interpret that language to mean exactly what it says. IMED Corp. v. Systems Engineering Associates Corp., 602 So.2d 344 (Ala. 1992)."
Ex parte State Dep't of Revenue, 683 So.2d 980, 983 (Ala. 1996). Where the language of a statute is clear and "there remains no room for judicial construction[,] . . . the clearly expressed intent of the legislature must be given effect." Ex parte Holladay,466 So.2d 956, 960 (Ala. 1985) (citing Dumas Bros. Mfg. Co. v.Southern Guar. Ins. Co., 431 So.2d 534 (Ala. 1983)). When construing a statute, this Court "has a duty to ascertain and effectuate legislative intent expressed in the statute, which may be gleaned from the language used, the reason and necessity for the act, and the purpose sought to be obtained." Ex parteHolladay, 466 So.2d at 960 (citing Shelton v. Wright,439 So.2d 55 (Ala. 1983)).
Section 35-11-370 lends itself to either of two readings. It may be read to *Page 244 
entitle a hospital to a lien for charges for all treatment that is related to the injury, whenever the treatment occurs, as long as the patient is initially admitted to the hospital within one week of the injury. Alternatively, it can be read to entitle a hospital to a lien only for charges for treatment a patient receives during the patient's initial admission, and then only if the patient is admitted within one week of the injury. In light of the ambiguity, we must look to the purpose of the statute to discern the legislative intent. See Dennis v.Pendley, 518 So.2d 688, 690 (Ala. 1987) ("It is thecourt's function to make clear the intent of the legislature when some degree of ambiguity is found in a statute.") (citing SutherlandStat. Constr., § 45.02 (4th ed. 1984)).
This Court has recognized that the hospital-lien statute is to be construed broadly in order not to defeat a just hospital claim. Guin v. Carraway Methodist Med. Ctr., 583 So.2d 1317, 1319
(Ala. 1991). This Court in Guin quoted from J.F. Rydstrom, Annotation, Construction, Operation, and Effect of Statute GivingHospital Lien Against Recovery From Tortfeasor Causing Patient'sInjuries, 25 A.L.R.3d 858, 874 § 5(b) (1969) (stating that "it has generally been held or recognized" that the requirements of hospital-lien statutes "should not be technically applied so as to defeat just hospital claims, and that such statutes are to be liberally construed in this respect"). The purpose of Alabama's hospital-lien statute is, by giving a hospital an automatic lien for the reasonable value of its services, to induce it to receive a patient injured in an accident, without first considering whether the patient will be able to pay the medical bills incurred. See Guin, supra, 583 So.2d at 1319-20; see also J.F. Rydstrom, supra, 25 A.L.R.3d at 862 (stating that the purpose of a hospital-lien statute is to lessen the burden imposed on a hospital by nonpaying accident victims). The statute creates an incentive for a hospital to accept a patient who needs medical services but who may be either uninsured or unable to pay for such services. To interpret § 35-11-370 as applying only to the period of a patient's initial admission would create a disincentive for the hospital to provide the patient proper follow-up medical treatment.
The Texas Court of Civil Appeals addressed a similar issue inBaylor University Medical Center v. Travelers Insurance Co.,587 S.W.2d 501 (Tex.Civ.App. 1979, writ ref'd n.r.e.), a case involving the Texas hospital-lien statute.[7] Although the Texas statute does differ from the Alabama statute, the interpretation and analysis of the Texas court is still instructive. The Texas court held that the Texas hospital-lien statute, entitling a hospital to a lien only if the patient was admitted to the hospital within 72 hours of the injury, required admission within 72 hours only for the *Page 245 
patient's initial hospital admission, not for subsequent admissions for follow-up treatment. Id. at 504. The Texas court reasoned:
 "The overriding purpose of article 5506a, as amended, is to induce hospitals to receive a patient, injured by the negligence of others, by giving the hospital a lien on the claims, suit or settlement of the patient. The inducement is for `immediate' (within seventy-two hours) reception of the patient. The inducement is co-extensive with the `treatment, care and maintenance as may have been given to injured persons.' The inducement extends alike to the `admitting hospital and to any hospital to which injured persons may be transferred.' The inducement secures the first administered treatment and `subsequent treatments of the same injuries for which he was originally admitted.'"
Id. (Emphasis omitted.) Thus, the Texas court concluded that a hospital was entitled to a lien for the patient's subsequent admissions, provided the patient's initial admission came within 72 hours of the accident.[8] Id.
The purpose of Alabama's hospital-lien statute and this Court's recognition that the statute is to be construed broadly to accomplish its purpose compel the conclusion that § 35-11-370
entitles a hospital to a lien for the charges incurred by a patient both on the patient's initial admission and on subsequent admissions for follow-up treatment.[9] This construction encourages a hospital to admit an injured person immediately, and, because it is coextensive with the care and treatment of the patient, also encourages the hospital to provide proper follow-up care and treatment. Accordingly, we conclude that a hospital is entitled to a lien for all reasonable charges for hospital care, treatment, and maintenance provided to a patient for an injury, including any subsequent care, treatment, or maintenance provided to the patient related to that injury, as long as the patient's initial admission to the hospital comes within one week of the injury. *Page 246 
Because Garrick's initial admission to the hospital came within one week of the injury, USA Medical Center is entitled to a lien for all reasonable charges incurred by the patient during that admission and during the subsequent admission, provided USA Medical Center proves the other requirements of the hospital-lien statute. Accordingly, we reverse the judgment of the Court of Civil Appeals and remand this case for further proceedings consistent with this opinion.[10]
REVERSED AND REMANDED.
Hooper, C.J., and Maddox, Houston, Cook, Lyons, Brown, Johnstone, and England, JJ., concur.
[1] The Alabama Medicaid Agency paid $24,557.10. Another portion of the charges was paid, but neither the record nor the briefs of the parties in this case make it clear what the source of the payment of that other portion was. Nevertheless, USA Medical Center claims that the outstanding balance owed by Garrick from the first hospital admission is $3,077.25.
[2] USA Medical Center argues that there was a question of fact as to whether Garrick's original injuries necessitated the second hospitalization. Thus, USA Medical Center argues that the trial court erred in granting Garrick's motion for a summary judgment. We note, however, that the trial court granted USA Medical Center's motion to have Garrick deemed to have admitted the things stated in its requests for admission that it had submitted to Garrick. USA Medical Center had requested that Garrick admit the following:
 "1. On or about the 8th or 9th of April, 1996, [Garrick] was injured in an automobile accident in Clarke County, Alabama.
". . . .
 "3. [Garrick] received hospital care, treatment and maintenance for the injuries which [she] received in the automobile accident through May 20, 1996."
[3] On May 9, 1996, USA Medical Center filed a lien in the amount of $51,203.25 for charges Garrick had incurred during her first hospital admission. USA filed another lien on May 28, 1996, in the amount of $33,857.75 for charges Garrick had incurred during her second admission.
[4] USA claimed that it was still owed $3,077.25 from Garrick's first admission and $33,857.75 from Garrick's second admission.
[5] The trial court's order does not identify which of the two liens it considered defective.
[6] Under the Court of Civil Appeals' construction of §35-11-370, a hospital is not entitled to a lien for any charges for any treatment that occurs after a patient's release from the hospital and more than a week after the initial admission, even if the patient's initial admission to the hospital comes within one week of the accident giving rise to the patient's injuries and the subsequent treatment is related to the injuries for which the patient was initially admitted. See id. at 5.
[7] Tex. Rev. Civ. Stat. Ann. art. 5506a (Vernon 1975), provided:
 "Section 1. Every association, individual, corporation, or other institution maintaining a hospital or clinic rendering hospital services in the State of Texas shall be entitled to a lien upon any and all rights of action, suits, claims, counter claims, or demands of any persons admitted to any hospital and receiving treatment, care, and maintenance therein, on account of any personal injuries received in any accident as the result of the alleged negligence of any other person or firm or corporation or joint stock association, his, its, or their agent, servant or employee, which any such injured person may or shall have, assert, or maintain against any such other person or firm or corporation or joint stock association for damages on account of such injuries, for the amount of the charges of such hospital or clinic for such treatment, care and maintenance as may have been given to the injured persons. Provided the lien provided for herein shall not exist or attach unless the injured person is received in a hospital within seventy-two (72) hours after the happening of the accident causing the injury, in which case both the admitting hospital and any hospital to which such injured person may be transferred from the admitting hospital for subsequent treatments of the same injuries for which he was originally admitted shall be entitled to such lien."
[8] Article 5506a was repealed effective January 1, 1984. The current Texas hospital-lien statute, Tex. Prop. Code Ann. §55.002 (West 1995), provides:
 "(a) A hospital has a lien on a cause of action or claim of an individual who receives hospital services for injuries caused by an accident that is attributed to the negligence of another person. For the lien to attach, the individual must be admitted to a hospital not later than 72 hours after the accident.
 "(b) The lien extends to both the admitting hospital and a hospital to which the individual is transferred for treatment of the same injury."
[9] The amicus curiae brief filed in support of Garrick argues that the doctrine expressio unius est exclusio alterius
should be applied in construing the statute. That doctrine is that "the express inclusion of requirements in the law implies an intention to exclude other requirements not so included."Jefferson County v. Alabama Criminal Justice Info. Ctr. Comm'n,620 So.2d 651, 658 (Ala. 1993). That amicus brief argues that §35-11-370 is clear and unambiguous in providing for liens for persons "who entered [a] hospital within one week after receiving . . . injuries" and, therefore, that the doctrine would preclude an interpretation of § 35-11-370 that permits a lien as to subsequent hospital admissions. While it is true that the statute does not expressly provide for a lien as to subsequent admissions, it is equally true that the statute does not expressly provide for a lien only as to initial admissions or expressly exclude a lien as to subsequent admissions. The statute simply provides that a hospital shall have a lien for "all reasonable charges," conditioned on the injured person's entering the hospital within one week of receiving the injury.
Moreover, the doctrine of expressio unius est exclusioalterius is subject to certain exceptions:
 "[T]he maxim will be disregarded and an expanded meaning given where an expanded interpretation will accomplish beneficial results, where [application of the maxim] would thwart the legislative intent made apparent by the entire act, [or where the expanded meaning would] serve the purpose for which the statute was enacted, is a necessary incidental to a power or right, or [reflects] the established custom, usage or practice."
Sutherland Stat. Constr. § 47.25 (5th ed. 1992 Supp. 1999).
[10] USA Medical Center also argues that the trial court erred in granting Garrick's motion for a summary judgment because, it says, (1) Garrick failed to make the prima facie showing required for her to be entitled to a summary judgment and (2) Garrick's motion did not comply with the requirements of Rule 56(c)(1), Ala.R.Civ.P., in that the motion was not supported by a narrative summary of what Garrick "contend[ed] to be the undisputed material facts"; see Rule 56(c)(1), Ala.R.Civ.P. Because the summary judgment was improper for other reasons, we need not address these arguments.