JOHNSTONE, Justice
(concurring specially).
I join Justice Lyons’s special writing. I add some observations of my own.
The trial court may or may not grant a summary judgment. We cannot predict.
If it does grant a summary judgment for the defendant-movant on a particular claim by the plaintiff-nonmovant, we will be able to discern from the record whether the defendant-movant’s motion and supporting materials even shifted to the plaintiff-non-movant the burden of opposing the motion. If the defendant-movant’s motion and materials are insufficient to have shifted the burden, then that summary judgment will be invalid. See Ex parte Atmore Cmty. Hosp., 719 So.2d 1190 (Ala.1998), Hill v. Toyota Motor Corp., 585 So.2d 19 (Ala.1991), and Schoen v. Gulledge, 481 So.2d 1094 (Ala.1985). If the defendant-mov-ant’s motion and materials are sufficient to have shifted the burden to the plaintiff-nonmovant, and if the plaintiff-nonmovant has properly preserved his right to discovery on the issue or issues crucial to that summary judgment, then the refusal of the trial court to allow discovery on those issues will invalidate the summary judgment. Parr v. Goodyear Tire & Rubber Co., 641 So.2d 769 (Ala.1994), and Reeves v. Porter, 521 So.2d 963 (Ala.1988).